### J. E. SLATER v. J. A. WILKINS AND OTHERS.

1. In a suit to enforce a vendor's lien upon a portion of a city lot, it was not error to refuse an order for a survey when the premises could be otherwise identified.

2. Decree foreclosing a vendor's lien described the property as " a certain lot " or parcel of land in the town of B., thirty feet front by sixty feet back, " in the center of Lot No. 79 on the map of the city of B., and being " that part of Lot 79, on which the residence of said S. (the defendant)

"is located." *Held,* that this description, in connection with the map of the city, which showed the frontage of the lot, was sufficiently definite and certain.

ERROR from Washington. Tried below before the Hon. I. B. McFarland.

This was an action to enforce a vendor's lien on the lot mentioned in the opinion of the court.

*Giddings & Morris,* for the plaintiff in error.

*Chandler, Carleton & Robertson,* and *P. H. & J. T. Swearingen,* for the defendants in error.

WALKER, J. The statute, Article 5294, Paschal's Digest, applies in actions of trespass to try title, and we do not think can be invoked in this suit.

The description of the lot in controversy is sufficiently given in the decree of the court. The argument in this case is illustrated by geometrical diagrams, by which it is attempted to show that Lot No. 79 has two centers. This is our first introduction to the fact that any geometrical figure can have two centers. That Lot 79 fronts on North street, and not on Quitman street, is a fact about which the sheriff could make no mistake. Thirty by sixty feet, embracing the geometrical center of Lot 79, can only be taken by a measurement of thirty feet on Quitman street, running sixty feet west.

We are of opinion that this case should be affirmed with damages, which is accordingly done.

Affirmed with damages.