## J. G. TAYLOR v. W. H. CARTER.

(Case No. 1775.)

1. JUDGMENT — VARIANCE.— Where a judgment of foreclosure gives the distance of certain lines, different from that set out in the pleadings, and still calls for the same well-known corners as those described in the pleadings, it will be a good and sufficient judgment operating upon all the land included between the corners.

2. CASE APPROVED AND DISTINGUISHED.— Throckmorton v. Davenport, 55 Tex., 236, cited and approved, and distinguished from this case.

ERROR from Van Zandt. Tried below before the Hon. Felix J. McCord.

This suit was brought by appellee Carter against appellant Taylor on three notes for $250 each, due in one, two and three years, respectively, alleged to have been executed by Taylor as part purchase money for ninety-two and one-half acres of land situated in Van Zandt county. Taylor filed a general demurrer, special exceptions and general denial. He also alleged that Carter had misrepresented the quantity of the land, for he (Carter) had pointed out certain land inclosed, as the land he was selling, it being the land the lien upon which it was sought here to foreclose. Appellant took it upon Carter's representations, for one hundred acres, when in reality it was ninety-two and one-half acres, he agreeing to pay $1,000 therefor. The deed was not delivered to Taylor until after he had paid Carter $250 cash, and gave him the three above mentioned notes.

A judgment for the amount due on the notes and a foreclosure of the lien was rendered.

*D. W. Crow* and *Burge & Russell*, for plaintiff in error, cited: R. S., 4786; Throckmorton v. Davenport, 55 Tex., 236; Hall v. Jackson, 3 Tex., 309, on the variance between the decree of foreclosure and pleadings.

*Kirby & McChesney*, for defendant in error.

WEST, ASSOCIATE JUSTICE.— A number of errors were assigned, but at the last all of them are abandoned or waived except those bringing in question the correctness of the final decree, by reason of an alleged material variance between the *locus in quo*, as set out in the pleadings of defendant in error, and as described in the final decree of foreclosure.

We have given very careful consideration to this ground of error,

and are of the opinion that the variance is not so material as to require either the reversal or the reformation of the judgment. The third line of the survey is given in the pleadings as one hundred and forty varas in length; in the judgment the distance is called one hundred varas, but both of them call for the same point or corner, and that a well known corner.

Another line of the tract in the pleadings is said to be seven hundred and three varas in length; in the decree it is said to be seven hundred and eighty-three varas long. Both lines, however, call to terminate at the same corner, and that a well known and permanently established corner.

There is no difference in the views herein expressed and those contained in Throckmorton v. Davenport, 55 Tex., 236.

In the last named case the variance between the pleadings and the final judgment was very material indeed. In fact, the judgment described a different tract of land, and located it in a different place from that described in the pleadings. Such is not the case here. The judgment of the district court is affirmed.

AFFIRMED.

[Opinion delivered November 28, 1884.]