# FIRST DISTRICT, 1895.

---

GEORGE FRANK v. THE J. S. BROWN HARDWARE COMPANY.

No. 762.

1. **Pleading—Promissory Note—Ownership.**—A petition alleging that the notes sued upon were "executed and delivered" to plaintiff by the defendant, is sufficient, and need not contain the allegation that plaintiff is the holder or owner of the notes.

2. **Same—Attachment Foreclosure.**—It is unnecessary for the pleading, where an attachment has been sued out and levied, to allege such attachment proceedings; the production of the affidavit, bond, writ, and return authorizes the court to give judgment foreclosing the lien.

3. **Partnership, Evidence of.**—The reports and published books of a mercantile agency are inadmissible to prove the existence of a partnership; but upon proof aliunde of the holding out by the alleged partner of himself as a partner, the books and reports are admissible to show that plaintiff was induced to make the sales through such information.

4. **Same—Common Report.**—General reputation or common report of a partnership is not evidence of such against an alleged partner, unless he knew he was so held out, and acquiesced in it, and the plaintiff was thereby deceived and induced to sell the goods.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*James B. & Charles J. Stubbs* and *Rice & Bartlett*, for appellant.

1. In actions upon promissory notes it is incumbent upon the plaintiff to allege and prove on the trial that he is the owner and

holder of the same, and a failure to do so is fatal to the action.   63 Texas, 55; 37 Texas, 550; 20 Texas, 134; 28 Texas, 323; 1 Ct. App. C. C., sec. 96; 2 Id., sec. 102.

2.   Partnership can not be shown by hearsay, nor by the published reports, books, and data of a commercial agency purporting to give the members of such partnership, unless it appear aliunde that the party sought to be charged thereby as a partner either himself furnished the data for same or had knowledge of such mercantile agency's reports, books, etc., and acquiesced therein and obtained credit thereby. Baker v. Ashe, 80 Texas, 357–361; Brown v. Watson, 72 Texas, 216, et seq.; Bazard v. Bank, 67 Texas, 83.

3.   General reputation or public rumor is not admissible in evidence to establish partnership, and this is true even though it is shown in connection therewith that the party sought to be charged may have had knowledge of such general reputation, hence it is error to admit such evidence, and any charge from the court thereon excepting one wholly excluding same from the consideration of the jury, serves but to intensify the error.   2 Rice on Ev., 1154; Hunt v. Jacks, 1 Hayw., 173; 1 Am. Dec., 555; 38 Am. Dec., 478; Campbell v. Hartings, 29 Ark., 512; Hicks v. Crum, 17 Vt., 449; Calton v. Woolen Mill, 27 Vt., 496; Halliday v. McDougle, 20 Wend., 81; 22 Wend., 264; 38 Am. Dec., 639; Tumlin v. Goldsmith, 40 Ga., 137; 4 W. & W. C. C., sec. 95; 2 Bates on Part., sec. 1155, and note.

4.   No allegation is made either in the original or supplemental petition that affidavit and bond for attachment had been filed, and writ of attachment issued.   Nor is it alleged therein that the same had been levied upon any property.   Nor is there any prayer for a foreclosure of the attachment lien, etc.; simply a prayer for general relief. 4 Texas, 71; 15 Texas, 568; 9 Texas, 77; 56 Texas, 79; 6 Texas, 431; 5 Texas, 538; 16 Texas, 408.

*H. C. Mayer*, for appellee.—1.   Evidence of general reputation, or common report of the existence of a partnership, is admissible in corroboration of previous testimony, to prove the fact that the partnership otherwise shown to exist was known to the plaintiff.   2 Greenl. on Ev., sec. 483; Southwick & Wheelock v. McGovern, 28 Iowa, 537; Benjamin v. Covert, 47 Wis., 381; Whitney v. Sterling, 14 Johns. (N. Y.), 215; Gulick v. Gulick, 11 N. J. L., 583; Atwood v. Meredith, 37 Miss., 639; Gay v. Fretwell, 9 Wis., 172; Allen v. Rostain, 11 Serg. & R., (Pa.), 373; Cross v. Bank, 17 Kas., 338; Rizer v. James, 26 Kas., 221.

2.   No allegations in reference to attachment liens on land in the pleadings or prayer for its enforcement is necessary, even after they are created.   No evidence can be introduced on the trial in reference to them.   No finding of the lien in the verdict is required, but the judgment of the court foreclosing it follows, as a matter of course, upon the recovery of the money for which the action is brought.   Hil-

lebrand v. McMahan, 59 Texas, 454; 2. W. & W., pp. 248-251; Wells v. Littlefield, 63 Texas, 33.

3. Where a petition alleges, that on a certain day the defendant made, executed, and delivered to the plaintiff the notes sued upon, it is a sufficient allegation that plaintiff was the owner of the notes. Leal v. Woodhouse, 2 W. & W., sec. 102; Kinsey v. Bellas, 1 W. & W., sec. 96; Rutherford v. Smith, 28 Texas, 325.

PLEASANTS, ASSOCIATE JUSTICE.—The appellee, a private corporation, duly organized under the laws of Texas, sued Tom S. Sims and George Frank, alleging that they were partners in trade, doing business under the name of Tom S. Sims; and as such, in their firm name, executed, for a valuable consideration, to plaintiff, two promissory notes, and for the aggregate amount of which notes plaintiff prayed judgment. George Frank answered the suit by plea of general denial; a denial under oath of the alleged partnership between himself and codefendant Sims, and a plea of non est factum. To this defense plaintiff replied by supplemental petition, alleging that the partnership between defendants existed from the 12th day of January, 1886, until the 31st of December, 1890, on which last day it was dissolved; and that neither partner ever gave notice of the dissolution of said partnership until the 6th of February, 1891, which notice reached plaintiff on the 10th of said month; and that the entire debt sued for was contracted during the existence of the partnership, except $75.12; and all the notes declared on save one were executed by said Frank & Sims during the partnership, and that one was executed for debt contracted during the partnership. Pending this suit, plaintiff made the necessary affidavit and executed bond and obtained an attachment, and had the same levied on certain real estate of defendant Frank.

The petition made no allusion to an attachment, nor did it pray for foreclosure of an attachment lien. Upon trial of the cause judgment was rendered for plaintiff for $2522.18, with foreclosure of the attachment lien. Defendant moved to arrest the judgment, (1) because the petition did not allege that the plaintiff was the holder or owner of the notes sued on; and (2) because the petition did not aver the issuance of attachment and levy of the same, and pray for the foreclosure of attachment lien. Defendant also moved for a new trial. Both motions were overruled, and defendant excepted and appealed to this court.

There are several assignments of error, some of which need not be noticed in this opinion. The rest will be considered so far as necessary to give the court below our opinion of the law of the case.

There was no error in overruling the motion in arrest of judgment. The petition alleged that the notes sued on were executed and delivered to plaintiff by defendants, and there was no need of further allegation in this case that plaintiff was the holder or owner of the notes. The averments in the affidavit for attachment were not in issue, and it was unnecessary to allege in the petition that an attachment had been

sued out, or to pray therein for foreclosure of the attachment lien. The production of the affidavit, the bond, the writ, and the return of the officer executing the same thereon indorsed, giving a sufficient description of the property levied on, authorized the court, upon motion of plaintiff, to give judgment foreclosing the lien.

Over the objections of the defendant Frank, the court admitted in evidence the reports and published books of the mercantile agency of R. G. Dun & Co., which reports and books asserted the existence of the alleged partnership between defendants. This evidence was not admissible against Frank to prove the existence of the alleged partnership unless the data on which the reports and books were based had been furnished by Frank, or by some one with the knowledge and acquiescence of Frank.

Upon proof aliunde of either the existence of the partnership or a holding out of himself, by Frank, or by others with his acquiescence, as a partner of Sims, the books and reports of the commercial agency would be admissible to show that the plaintiff was led to make the sales to Sims, by the information furnished it through said books and reports.

Appellant under his thirteenth assignment insists that, plaintiff having alleged a partnership in fact, proof of a holding out by Frank of a partnership between himself and his codefendant, or his acquiescence in being so held out by others, would not authorize a judgment for plaintiff. In this proposition we do not concur, and are of the opinion that such contention is sustained by neither reason nor authority. There was much evidence admitted, over the objection of the appellant, of the general reputation of the partnership; and the following charge is assigned as error: "Public rumor or general reputation or common report of a partnership between Smith [Sims, we suppose, being intended by the court] and Frank, would not be any evidence of such partnership, and render him liable, unless you believe from the evidence that Frank knew of such public rumor or common report, and thereby held himself out as a partner, and that thereby the plaintiff sold the goods." This assignment must be sustained. The mere fact that Frank knew of "such public rumor or common report" would not be a holding out of himself as a partner of Sims. If at the time the plaintiff extended credit to Sims, Frank knew that he was by common repute held out as a partner of Sims, and he acquiesced in such holding out, and by such public repute and such acquiescence the plaintiff was deceived, and by reason thereof sold the goods to Sims, Frank would be liable for the price of the goods, and plaintiff should recover.

We think the charge, by its phraseology, was liable to mislead the jury, and the judgment is therefore reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered May 2, 1895.