CHITTIM & PARR v. ROSENDO MARTINEZ.

No. 940.  Decided November 5, 1900.

**Charge—Burden of Proof—Conflicting Evidence.**

The mere fact that the evidence upon an issue which is submitted to the jury is conflicting, does not make it improper to give a charge informing the jury as to which party has the burden of proof; there might be, however, a state of facts which would render such charge misleading and improper. Distinguishing Railway v. Nesbitt, 11 Texas Civ. App., 610. (Pp. 144, 145.)

QUESTION CERTIFIED by the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Ogden & Terrell,* for appellants.—When both parties introduce evidence sufficient, if true, to discharge any burden of proof cast on them by law, it is improper to give any charge on that subject. The issue

is then wholly as to the weight of evidence and the credibility of the witnesses. Telegraph Co. v. Bennett, 1 Texas Civ. App., 558.

In cases where evidence is introduced by the respective parties tending to prove and to disprove the issues of fact involved in a cause, occasion does not arise for declaration upon whom the burden of proof rests, for the question then becomes merely one of preponderance of evidence, which is for the decision of the jury under all the evidence introduced. In such a case a charge upon the burden of proof is more likely to mislead than to give the jury a correct view of their duties. Stooksbury v. Swan, 85 Texas, 566.

Where the issues of fact are submitted to the jury and there is no defect in the proof of the plaintiff's case, it is improper to charge that the burden of proof was upon the plaintiff. Railway v. Taylor, 79 Texas, 114.

It is not always necessary, even when requested, to instruct the jury as to the burden of proof. Where there is testimony on both sides, which, if true, would entitle either party to a verdict, it is simply a question of the weight of evidence. Railroad v. Dotson, 38 S. W. Rep., 644.

The court is not always required to charge on the burden of proof. The propriety of doing so depends on the state of the evidence. Here there was conflicting evidence as to the fact in question, and if the jury believed plaintiff's witnesses the plaintiff had discharged his burden.

In this case it is shown with mathematical certainty that the jury were controlled entirely by the charge of the court. On each issue the same two witnesses testified directly in conflict with each other. On the third issue, where no charge was given as to the burden of proof, the jury found for the defendants, showing thereby that they believed Parr's testimony to be true. On the second issue, where the court in its charge placed the burden on the plaintiff, they also found for the defendants, but on the first issue, where the court in its charge placed the burden on the defendants, they found for the plaintiff. No case can be found that would more vividly illustrate the error of submitting a charge upon the burden of proof in a case where both parties had offered evidence sufficient to discharge any burden cast on them by law. On the first issue the court in effect told the jury: "Here are two men testifying directly in conflict with each other, and the burden of proof to establish their case by a preponderance of evidence is on the defendants." Quite naturally the jury would reply: "There is one witness on each side, and therefore no preponderance, and as the burden is on defendant we can only find a 'Scotch verdict' of not proven."

*J. O. Nicholson* and *Hicks & Hicks*, for appellee.—If it be admitted that, as a legal proposition, the burden was on appellants to prove the existence of the oral contract, still the question arises, was it proper for the court to so charge the jury? In regard to affirmative defenses and cross-actions the defendant occupies the attitude of plaintiff, and

his rights are controlled by the same rules of practice as those of an ordinary plaintiff. Applying this rule to the case at bar, it seems to us that it must be decisive of the matter unless it be the law that no charge should ever be given assigning the burden of proof in any case where there is a conflict in the testimony, or in any case where the plaintiff has introduced sufficient evidence to sustain a finding in his favor.

That such is the rule governing the giving of charges on the burden of proof is the specific contention of appellants; and it must be confessed that there are cases in which the language used by the court seems to warrant such a conclusion. These cases, however, will be found to belong to one, of two classes: First, those in which the charge given was not correct as a proposition of law, i. e., the burden of proof was not really upon the party complaining; second, those in which the court refused to give a charge on the burden of proof, though correct, and requested by one of the parties, and such refusal was assigned as reversible error. The following cases are illustrative of the first class: Railway v. Geiger, 79 Texas, 21; Railway v. Nesbitt, 11 Texas Civ. App., 610; Telegraph Co. v. Bennett, 1 Texas Civ. App., 558; Stooksbury v. Swan, 85 Texas, 566. The following cases are illustrative of the second class: Railway v. Geiger, 79 Texas, 21; Railway v. Taylor, 79 Texas, 114; Railway v. Syfan, 43 S. W. Rep., 554; Railway v. Dotson, 38 S. W. Rep., 644; Blum v. Strong, 71 Texas, 324.

The views expressed in those cases are authoritative only so far as they are applicable to the facts of each case. As to anything further they are mere dicta. At any rate they do not go further than to hold that, although the burden of proof may be on a party to a suit, it is not always error to refuse a charge to that effect.

We have, however, been unable to find any case in which the giving of such a charge was assigned as error where it was held that said assignment was well taken, provided the charge was correct as a legal proposition. Upon the other hand, such charges have been generally approved by our appellate courts in cases where the facts are not materially different from those in the case at bar. Railway v. Shieder, 88 Texas, 165; Clark v. Hills, 67 Texas, 148; Howell v. Hanrick, 29 S. W. Rep., 765; Beall v. Evans, 1 Texas Civ. App., 446; Hamburg v. Wood, 66 Texas, 177.

The Shieder case ought to be conclusive of the question in this case. There is no material difference between a plea of confession and avoidance or of counterclaim and that of contributory negligence, nor do these differ materially from the plea of limitation or of fraud. The difficulty confessed by the Court of Civil Appeals in distinguishing the case at bar from that of Railway v. Nesbitt arises from a failure to distinguish the idea of the burden of proof from what Judge Willie, in the case of Clark v. Hills, terms the weight of evidence. In the Nesbitt case the burden throughout was upon the plaintiff to prove negligence, and the charge attempted to shift it. In the case at bar, the plaintiff

proved his case and the defendant admitted it, but set up a new case in defense thereto. The case of Clark v. Hills thoroughly discusses the question at issue, and brings out strongly the special necessity in cases like the one at bar of giving a charge on the burden of proof. If, as appellant's claim, the two opposing witnesses in the case at bar were equally credible, it was proper for the jury to have some advice as to their duty in case the evidence was equally balanced. Telegraph Co. v. Newman, 34 S. W. Rep., 661.

BROWN, Associate Justice.—The Court of Civil Appeals for the Fourth District has certified to this court the following statement and question:

"A material issue in the case was whether or not a certain verbal contract alleged by the defendants had been entered into. The plaintiff and the defendant were the only witnesses on this issue, each testifying directly contrary to the other. The court, in submitting the issue, charged the jury that the burden of proof was on the defendants to show such contract by the preponderance of the evidence.

"Was it error to instruct the jury as to the burden of proof being on one of the parties? We ask this question in view of what is announced in Railway v. Nesbitt, 11 Texas Civil Appeals, 610."

In the case of Stooksbury v. Swan, 85 Texas, 567, the defendants offered in evidence an ancient deed which purported to have been executed by the plaintiffs and to which the plaintiffs entered a plea of forgery. The court below instructed the jury that the burden of proof was upon the plaintiffs to establish the fact that the deed was forged. This court said: "The more obvious and fatal objection to so much of the charge, however, is that it declared that the age and admission of the instrument must be given a prima facie effect whereby the burden of proving the instrument not to be genuine was cast upon the plaintiffs." There is no intimation in the opinion that a conflict of evidence upon the issue of the genuineness of the deed rendered it improper for the court to give the charge upon the burden of proof.

In Railway v. Taylor, 79 Texas, 114, the question under discussion was the refusal of the trial court to give a charge upon the burden of proof. The court held that the plaintiff had fully proved his case and that there was no necessity for the charge, but said: "It would have been improper to charge that the burden of proof was upon the plaintiff to establish negligence." That question was not before the court, and the remark, perhaps, was not intended by the learned judge who wrote the opinion to embrace the proposition here contended for. In the case of Railway v. Nesbitt, 11 Texas Civil Appeals, 610, referred to in the question, that court seems to have been of opinion that the burden of proof was not upon the defendant, as the trial court charged. In the opinion, it is said: "As this case rested upon conflicting evidence, the court should not have given the charge as to the burden of proof." We think it was not intended to assert the proposition that a

charge upon the burden of proof should not be given in any case where the testimony is conflicting.

In the case of Railway v. Syfan, 43 Southwestern Reporter, 554, Judge Williams states the rule in these words: "The court is not always required to charge on the burden of proof. The propriety of doing so depends on the state of the evidence." There might be a state of facts that would render a charge upon the burden of proof misleading and therefore improper to be given, but the mere fact that the evidence upon an issue which is submitted to the jury is conflicting does not make it improper for the court to give a charge informing the jury as to which party has the burden of proving the issue submitted to them. Railway v. Shieder, 88 Texas, 165; Clark v. Hills, 67 Texas, 148; Howell v. Hanrick, 88 Texas, 394; Byers v. Wallace, 87 Texas, 503.

It was not error for the trial court to give an instruction as to the burden of proof, under the facts stated with the question submitted to us.