NORTHERN ASSURANCE COMPANY OF LONDON, ENGLAND,
v. CHARLES B. CRAWFORD.

Decided December 19, 1900.

### 1. Insurance—Forfeiture—Use of Gasoline in Laundry—Custom.

Forfeiture clauses in insurance policies being construed most favorably to the insured, the operation of a laundry should not be held a trade or manufacture within the meaning of a provision forfeiting the policy in case gasoline was used on the premises, and the rule announced in Insurance Company v. Green, 16 Texas Civil Appeals, 531, permitting evidence of the common use of gasoline by residents of the town at the time the policy was issued, in order to limit the application of the forfeiture clause, is applicable in such case.

### 2. Insurance—Forfeiture—Increase of Hazard.

Insurance being forfeited by the terms of the policy if the hazard were increased by any means within the control or knowledge of the insured, instructions submitting the question of such forfeiture, where proof of increased hazard was uncontradicted but insured's knowledge thereof was left in question, should inform the jury that the policy was not forfeited if the increased hazard was not within the knowledge or control of insured.

ERROR to the County Court of Hays. Tried below before Hon. ED. R. KONE.

*Alexander & Thompson*, for plaintiff in error.

*Brown & Pritchett*, for defendant in error.

KEY, ASSOCIATE JUSTICE.—This is a suit on a fire insurance policy. From a judgment in favor of the plaintiff, the defendant has appealed. The grounds of forfeiture were pleaded by the defendant, viz., keeping, using, and allowing gasoline in the house insured; and an increase of the hazard caused by using the house as a laundry, etc.

The clause in the policy prohibiting gasoline and other inflammable substances under penalty of forfeiture, is identical with the clause construed by this court in Insurance Company v. Green, 16 Texas Civil Appeals, 531, where it was held proper to admit proof of a custom to use gasoline for domestic purposes at the time the policy was issued. It was there held that the clause referred to only prohibited proof of usage or custom of trade or manufacture. Bearing in mind the rule that forfeiture stipulations in insurance policies are to be construed most favorably in behalf of the insured, we are of opinion that operating a laundry should not be held to signify either a trade or manufacture, within the meaning of the clause under consideration. We therefore hold that the court ruled correctly in admitting the testimony tending to show a common use of gasoline by the residents of San Marcos at the time the policy was issued, and in submitting the question of such custom to the jury.

The policy provides that it shall be void, unless otherwise provided by agreement indorsed on or added to it, if the hazard be increased by any means within the control or knowledge of the insured. On that

subject the court gave a charge that was too favorable to the appellant; but at appellee's request gave the following special instruction: "If you find from the evidence that prior to the 12th day of October, 1898, the fire hazard in question was increased by any of the means and in any of the ways alleged by defendant in its answer, then you are instructed that if such increase and hazard was not within the knowledge or control of plaintiff, the policy would not thereby be rendered void." Giving this special charge, and refusing one requested by appellant directing the jury to return a verdict for it, are assigned as error.

The special instruction given was a proper amendment to the court's charge, and the instruction requested by appellant was properly refused. Even if it be conceded that there was uncontradicted proof of increased hazard, the evidence in reference to appellee's knowledge or control thereof was such as required those issues to be submitted to the jury. 1 May on Ins., sec. 227; 1 Wood on Ins., sec. 248.

No reversible error has been pointed out, and the judgment will be affirmed.

*Affirmed.*