BRYAN v. WHARTON BANK & TRUST CO. et al. (No. 6757.)

(Court of Civil Appeals of Texas. Galveston. Feb. 8, 1915. Rehearing Denied March 4, 1915.)

1. BILLS AND NOTES ⚚463 — ACTION BY PAYEE—PETITION.

The petition in an action on notes need not allege plaintiff is the owner and holder thereof; but an allegation that they were executed and delivered to plaintiff by defendant is enough.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1474, 1475; Dec. Dig. ⚚463.]

2. COSTS ☜260—FRIVOLOUS APPEAL—DAMAGES.

The ground of appeal, that the petition in an action on notes by the payee must allege that plaintiff is the owner and holder thereof, is not so frivolous as to justify the conclusion that appeal was for delay only, as regards award of damages.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. ☜ 260.]

Error from District Court, Wharton County; Samuel J. Styles, Judge.

Action by the Wharton Bank & Trust Company against C. A. Bryan and another. Judgment for plaintiff, and defendant Bryan brings error. Affirmed.

Guynes & Colgin, of Houston, for plaintiff in error. G. G. Kelley, of Wharton, for defendants in error.

LANE, J. Defendant in error, Wharton Bank & Trust Company, on the 8th day of November, 1913, filed its original petition in the district court of Wharton county, alleging that on the 30th day of December, 1912, W. T. Stokes, of Wharton county, and C. A. Bryan, of Harris county, executed and delivered to said Wharton Bank & Trust Company their joint and several promissory note, whereby they promised to pay to it, at its office in the town of Wharton, Wharton county, Tex., on the 1st day of June, 1913, the sum of $1,000, with interest thereon from maturity, at the rate of 10 per cent. per annum, and also 10 per cent. on the principal and interest thereof when due, if placed with an attorney for collection, or if collected by suit, or through probate court. It also alleges that by the making, execution, and delivery of said promissory note, by the said W. T. Stokes and the said C. A. Bryan, they became liable and promised to pay to the said Wharton Bank & Trust Company the sum of money in said note specified, according to its face, tenor, effect, and reading; that said note was not paid when due; that said Stokes and Bryan, though often requested so to do, had failed and refused to pay the principal and interest due on said note; and that the same was still due and unpaid. It is also alleged that said Wharton Bank & Trust Company had placed said note in the hands of an attorney for collection, to whom it had promised to pay the 10 per cent. provided for in said note as attorney's fees, which is a reasonable charge, whereby defendants became liable and promised to pay the same. Said petition also makes allegations as to the execution and delivery of a chattel mortgage to said Wharton Bank & Trust Company by W. T. Stokes, which it is not necessary to notice for the decision of the issues presented. Prayer is then made for judgment for principal, interest, and attorney's fees as provided for in said note, for foreclosure of the mortgage lien, and costs of suit.

Plaintiff in error C. A. Bryan and W. T. Stokes were served with citation in manner and form and for length of time as required by law. The case was called for trial on the 25th day of November, 1913. Neither W. T. Stokes nor plaintiff in error C. A. Bryan appeared, either in person or by counsel, nor did either of them file any answer in said cause. Whereupon judgment was duly entered by default against them, jointly and severally, as prayed for. Plaintiff in error C. A. Bryan alone brings this cause to this court on writ of error.

[1] The only assignment of error presented by plaintiff in error is that the petition of the Wharton Bank & Trust Company is bad on general demurrer, because it fails to allege that said Wharton Bank & Trust Company is the legal or equitable owner and holder of the note sued on, and therefore insufficient in law to support a judgment by default. We cannot agree to this proposition. In the case of Frank v. Brown Hardware Co., 10 Tex. Civ. App. 430, 31 S. W. 64, the court held that a petition alleging that the notes sued on were "executed and delivered" to plaintiff by the defendant is sufficient, and need not contain the allegation that plaintiff is the owner and holder of the notes. In the cases of Barnard v. Moseley, 28 Tex. 544, Wilson v. Hampton, 2 Posey Unrep. Cas. 426, Bouvet v. Woodward, 2 Posey Unrep. Cas. 449, and Leal v. Woodhouse, 2 Willson, Civ. Cas. Ct. App. § 101, the same holding is made as in the case of Frank v. Brown Hardware Co., supra.

The brief of counsel for plaintiff in error cites several cases to support his proposition, but the cases referred to do not maintain the proposition contended for as applied to the facts alleged in the petition in this cause, as it is there alleged that the two defendants sued in the lower court did make, execute, and deliver the note sued upon to the Wharton Bank & Trust Company, plaintiff below, and such petition is held to be good on demurrer by the authorities above cited; and, there appearing no error in the record, it is ordered that the judgment below be affirmed.

[2] We hardly think the questions presented on this appeal are so frivolous as to justify this court in concluding that the appeal was for delay only; therefore we deny defendant in error's prayer for damages for delay.

Affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes