LANCASTER et al. v. SNIDER. (No. 2039.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 28, 1918.)

1. APPEAL AND ERROR ⟨⟩1062(2)—HARMLESS ERROR—SPECIAL INTERROGATORIES—SUBMISSION.

It is not error of which appellant can complain to refuse to submit a special issue to the jury, where an affirmative reply thereto would not be warranted by testimony before the jury.

2. EVIDENCE ⟨⟩318(1)—HEARSAY.

In trespass to try title, where defendants claimed under an alleged forged deed executed by an attorney in fact, recitals of execution of such deed in notes purporting to be for the purchase money, given 30 years before the trial, were incompetent as hearsay.

3. EVIDENCE ⟨⟩318(3)—HEARSAY.

In trespass to try title, where defendants claimed under an alleged forged deed executed by an attorney in fact, the record of affidavits as to genuineness of the signature of the attorney in fact was inadmissible as hearsay.

4. APPEAL AND ERROR ⟨⟩1056(1)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In trespass to try title, where defendants claimed under an alleged forged deed executed by an attorney in fact, exclusion of a record of affidavits as to genuineness of attorney's signature, if error, did not warrant a reversal, where it would not have affected the result.

5. TRESPASS TO TRY TITLE ⟨⟩41(1) — EVIDENCE—TITLE.

In trespass to try title, where defendants claimed under a deed by an alleged attorney in fact, and plaintiffs filed affidavit that the deed was forged, the burden was on defendant to establish their defense by a preponderance of the testimony; plaintiffs having shown title to the land and being entitled to recover, unless they had parted with title.

6. TRIAL ⟨⟩260(1)—REQUESTED INSTRUCTIONS —INSTRUCTIONS ALREADY GIVEN.

Refusal to give instructions requested is not reversible error, where the substance thereof has been given in other instructions.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Trespass to try title by W. C. Snider against C. D. Lancaster and others. Judgment for plaintiff, and defendants appeal. Affirmed.

This was a suit of trespass to try title, brought by appellee against appellants. The

land involved was 290 acres of the Jedekiah Payne survey in Harrison county. It appeared from the testimony that appellee owned the land and was entitled to the judgment he obtained, unless he had conveyed it to L. W. Lloyd, under whom appellants asserted title. Appellants claimed that appellee, acting by his attorney in fact, one Williams, conveyed the land to said Lloyd by a deed dated April 15, 1886, and, that deed having been lost, that appellee, in lieu thereof, acting by said Williams as such attorney, made another deed to said Lloyd June 11, 1894. As supporting their contention appellants offered, and the court admitted in evidence, the record, made December 23, 1901, of an instrument dated said June 11, 1894, purporting to be a deed made by said Williams as attorney in fact for appellee, and to convey the land in controversy to said Lloyd. In the instrument was a recital that it was made by Williams as a substitute for a deed he had made as attorney in fact for appellee April 15, 1886, which had been lost or mislaid. Appellee filed an affidavit attacking this instrument as a forgery, and on the trial testified that he had never himself conveyed, and had never authorized Williams to convey, the land to Lloyd.

On special issues submitted to them the jury made findings as follows: (1) That appellee did not, before June 11, 1894, the date of the instrument referred to above, make to said Williams a power of attorney authorizing him to sell and convey the land in controversy. (2) That Williams did not, as appellee's attorney in fact, execute said instrument dated June 11, 1894, purporting to be a deed conveying said land to Lloyd. (3) That Williams did not, as said Lloyd's attorney in fact, execute a deed dated April 15, 1886, conveying the land to Lloyd. (4) That appellee never received any money from Lloyd as the purchase price of the land. On the finding made by the jury the trial court rendered judgment for the land in appellee's favor, and appellants thereupon prosecuted this appeal.

Lane & Lane, of Marshall, for appellants.
G. L. Huffman and Cary M. Abney, both of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). At appellants' instance the trial court admitted in evidence two instruments purporting to be promissory notes made by L. W. Lloyd to appellee in part payment for the land in controversy. The notes were dated April 16, 1886, and were for $75 each, payable June 28 and August 28, 1886, respectively. Each of the notes contained a recital as follows:

"This note holds a vendor's lien on said land until paid, as set forth in the deed of conveyance this day made by said Snider to me."

207 S.W.—36

On the back of the note payable August 28, 1886, was an indorsement as follows:

"Received payment.　　　　W. C. Snider."

Having made such proof, appellants asked the court to submit to the jury as issues in the case the following:

"(1) Did L. W. Lloyd make to W. C. Snider the notes read in evidence before you in payment of the land in controversy?
"(2) Did W. C. Snider make a deed to L. W. Lloyd to the land in controversy?
"(3) Did L. W. Lloyd pay to W. C. Snider the purchase money of the land in controversy?"

[1, 2] The refusal of the court to submit the issues indicated to the jury is the basis of the fourth, fifth, and sixth assignments. The assignments will be overruled. It will be seen by reference to the statement above that the jury found that appellee "never received any money from Lloyd as the purchase price of the land," which was a sufficient answer to the third of the three questions set out above. The first of the other two was immaterial, in view of the fact that there was no evidence that appellee ever saw the notes or knew of their existence. It was not error of which appellants can complain to refuse to submit the other question to the jury, because an affirmative reply thereto would not have been warranted by testimony before the jury. The evidence, aside from the recitals in the notes, plainly indicated that, if appellee conveyed the land to Lloyd, he did not do so by a deed made himself, but did so by a deed Williams made as his attorney in fact. The recitals in the notes would not have warranted a finding that appellee himself made a deed to Lloyd, because as to appellee they were hearsay, and not competent as evidence to show that he had made such a deed. And the fact that the notes appeared to be over 30 years old did not give them value they otherwise did not have as evidence. Mackay v. Armstrong, 84 Tex. 159, 19 S. W. 463; Magee v. Paul, 159 S. W. 325.

[3, 4] There were no subscribing witnesses to the execution by Williams of the instrument dated April 15, 1886, purporting to be a deed conveying the land in controversy from appellee by said Williams as his attorney in fact to L. W. Lloyd, and the execution thereof was never acknowledged by said Williams before an officer authorized to take such acknowledgments. The instrument was admitted to record December 23, 1901, on affidavits made by one Scott and one McCown November 4, 1901, that they were acquainted with said Williams' handwriting and believed that the signature to the instrument purporting to be his signature was in fact his signature. The instrument and the affidavits referred to were not reproduced at the trial, but appellants offered the record thereof in evidence. The court admitted the rec-

ord so far as it was of the instrument itself, but excluded it so far as it was of the affidavits. The action of the court in excluding the affidavits is assigned as error, but we think it was not. It is evident that the record of the affidavits was offered for the purpose alone of proving that the instrument was in fact executed by Williams. The originals of the affidavits, had they been produced and offered, clearly would not have been admissible for that purpose, because hearsay. If the original affidavits would not have been competent evidence, of course the record thereof was not. If, however, it was error to exclude the record of the affidavits as evidence, it was not an error which entitled appellants to a reversal of the judgment. The most appellants can claim would have resulted, had the affidavits been admitted, is that the jury might have found that Williams did in fact execute the deed as attorney for appellee. Had the jury made such a finding, the judgment should not have been different, in view of the finding that appellee never authorized Williams to convey the land as his attorney in fact.

[5, 6] The record warrants the statement that it conclusively appeared that appellee owned the land in controversy, unless, acting by Williams as his attorney in fact, he had conveyed it to Lloyd. Hence it may be said the testimony presented only two questions for the jury: (1) Did Williams undertake as attorney in fact for appellee to convey the land to Lloyd? (2) If he did, was he then authorized to act for appellee, so as to bind him by the undertaking? The two questions, substantially, were submitted to the jury, and both were answered in the negative. Appellants do not contend that the answers did not demand the rendition of judgment in appellee's favor. They insist, however: (1) That the answers made were not warranted by the testimony; and (2) that the answers probably would have been different, but for the error, they allege, of the court in instructing the jury that the burden was on them (appellants) to establish their defense to appellee's suit by a preponderance of the evidence, and the further error, they assert, of the court in refusing to instruct the jury that—

"An issue of fact may be proven by circumstantial evidence, or by direct evidence, or by both circumstantial and direct evidence."

The contentions are overruled. The testimony of appellee as a witness was a sufficient support for the answers the jury made. We do not think the court erred when he told the jury that the burden was on appellants to establish their defense against the recovery sought by appellee by a preponderance of the testimony. Appellee had shown title to the land, and unquestionably was entitled to recover in the absence of testimony showing that he had parted with the title. The burden was on appellants to produce that testimony. That being true, we do not think it was error for the court to so instruct the jury. Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593; Steiner v. Jester, 86 Tex. 415, 25 S. W. 411; Williamson v. Gore, 73 S. W. 563; Chittim v. Martinez, 94 Tex. 141, 58 S. W. 948. As to the refusal of the court to tell the jury that they could predicate a finding on circumstantial evidence, we do not think it at all likely appellants were thereby prejudiced. The jury were, in effect, told to consider that kind of testimony when it was admitted.

There is no error in the judgment, and it is affirmed.