**PAYNE, Agent, v. KINDEL. (No. 9736.)**

(Court of Civil Appeals of Texas. Fort Worth. Feb. 18, 1922.)

1. **Trial ⊚⟝352(1)—Special issue on negligence and contributory negligence held confusing.**

A special issue in action against carrier for personal injuries, "Was said injury the direct result of the negligence of the defendant, its agents, servants, and employés, or was it the result of the contributory negligence of plaintiff?" was confusing and erroneous.

2. **Negligence ⊚⟝82—"Contributory negligence" implies negligence of defendant.**

The term "contributory negligence" necessarily implies that there was negligence of the defendant to which plaintiff's negligence contributed, and it is not necessary to the defense of contributory negligence to show that such negligence was the sole proximate cause of the injury.

3. **Carriers ⊚⟝321(23), 348(14) — Charge on negligence and contributory negligence should be confined to alleged acts supported by evidence.**

In action for injuries to a passenger, received while alighting, the charge on negligence should be confined to such acts or omissions as are alleged and supported by evidence, and should not embrace other grounds, such as negligence in a general way in the operation and maintenance of trains, etc., and the same rule should apply as to contributory negligence.

4. **Trial ⊚⟝233(3)—Court should not refer jury to pleading for description of injuries.**

In action against carrier for personal injuries, it is the better practice to confine the

⊚⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

jury to a consideration of such alleged injuries as there is evidence to support, instead of submitting all the injuries alleged in plaintiff's petition, and referring the jury to that pleading for a description of them.

**5. Trial ⊜⊸215—Submission of case on general charge and special issues condemned.**

The submission of a case to the jury on a general charge, as well as on special issues is condemned.

Appeal from District Court, Clay County; H. F. Wildon, Judge.

Action by Mrs. F. M. Kindel against John Barton Payne, Agent of the United States Government. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

C. C. Huff, of Dallas, and Taylor, Allen, Muse & Taylor, of Fort Worth, for appellant. Wantland & Dickey, of Henrietta, for appellee.

DUNKLIN, J. John Barton Payne, agent of the United States government, has appealed from a judgment against him in favor of Mrs. F. M. Kindel, formerly Mrs. M. J. Durham, for injuries which she alleged she sustained when she, while a passenger, alighted from a Fort Worth & Denver City Railway train, at the town of Henrietta, which was the destination of her trip. According to allegations in her petition, when plaintiff arrived at Henrietta, the night was dark and the railway station was insufficiently lighted, and no step, box, or stool was provided to enable passengers to descend to the ground from the coach in which she had ridden, and there was no employé of the defendant present to assist plaintiff and other passengers to alight.

Defendant's failure to properly light the station, failure to provide such a step, box, or stool, and failure to have some employé present to assist passengers to alight from the train, were all alleged to be negligence, which was the proximate cause of injuries, which plaintiff alleged she sustained as the result of her fall when she stepped from defendant's passenger coach to the ground.

In addition to a general denial, defendant pleaded specially that the place where plaintiff alighted was not the usual and customary place for passengers to alight; that at one end of the coach there was a brakeman, who was assisting passengers off the train, which fact was known to plaintiff; that plaintiff voluntarily chose to alight from the other end where she knew there was no one to assist her in alighting; that the place where she alighted was well lighted by an electric light near by, from which she could easily have discovered the absence of a footstool or step box, and that she failed to look and make such discovery in time to avoid a fall; and that by reason of such facts she herself was guilty of negligence which proximately contributed to her injury, if she was injured at all, and which injury defendant specially denied.

The trial was before a jury, and the court in his instructions to the jury, after telling them that the case would be submitted on special issues, and after defining "negligence" and "contributory negligence," charged as follows:

"(3) Now you are therefore charged that it was the duty of the defendant to exercise for the safety of the plaintiff on the occasion in question that high degree of care in the proper operation and maintenance of its train, platforms, and depot grounds which very cautious persons in the same or similar lines of business are generally accustomed to use under similar circumstances to prevent injury to passengers, and the failure of the defendant so to do, or the failure of its agents, servants, and employees to exercise such high degree of care, would constitute negligence.

"(4) Now, if you find and believe from the evidence in this case that the defendant was guilty of negligence in the operation and maintenance of its train, platforms, and depot grounds, as alleged in the plaintiff's petition and as hereinbefore defined, and you further find that the plaintiff was injured by reason of such negligence, and such negligence was the direct and proximate result of said injury, then you will find for the plaintiff and assess her damages at such sum as you may believe will compensate her for such injuries as you may find that she has sustained.

"(5) You are further instructed that, if you find and believe the plaintiff was guilty of contributory negligence, as alleged in the defendant's answer, and that such contributory negligence was the result of the injuries as alleged in plaintiff's petition, and but for which contributory negligence the plaintiff would not have received such injuries, then you will find for the defendant.

"(6) Now you are therefore instructed to answer the following special issues:

"A. Was the plaintiff injured as alleged in her petition?"

To which the jury answered, "Yes."

"B. If you have answered the above question 'No,' then you need not answer any further questions herein; but, if you answer 'Yes,' then state:

"Was said injury the direct result of the negligence of the defendant, its agents, servants, and employés, or was it the result of the contributory negligence of plaintiff?"

To which the jury answered, "It was negligence on the part of the defendant."

"C. If you have answered the last special issue that the injury was the result of the contributory negligence of the plaintiff, you need not answer the following question; but, if you have answered that the injury was the result of negligence on the part of the defendant, its agents, and employés, then answer the following issue:

"What amount of money, if paid now, would fairly compensate plaintiff for said injuries, taking into consideration the injuries of plaintiff, both physical and mental, if any?"

To which the jury answered, "500.00."

---

⊜⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1, 2] The contention made, to the effect that the charge was confusing, and did not clearly separate and correctly submit to the jury the two issues of defendant's negligence and plaintiff's contributory negligence, is well taken. In paragraph B of section 6 of the charge, the jury was instructed to find whether plaintiff's injury was the result of the negligence of defendant or the contributory negligence of plaintiff; in other words, whether the negligence of one or the other was the sole cause of the injury. The term "contributory negligence" necessarily implies that there was negligence of the defendant to which plaintiff's negligence contributed, and it would not be necessary to the defense of contributory negligence to show that such negligence was the sole, proximate cause of the injury.

Those two issues should have been submitted separately, and in such a manner as not to confuse the two issues, as was done. For that error, the judgment must be reversed.

[3] Upon another trial we suggest that the charge on negligence should be confined to such acts or omissions as was alleged in plaintiff's petition and supported by evidence, and should not embrace other grounds, such as negligence in a general way in the operation and maintenance of defendant's trains, platforms, and depot grounds, as was submitted in the court's charge on the last trial, and of which complaint is made in another assignment of error. And the same observation applies to defendant's allegations of plaintiffs' contributory negligence.

[4] Furthermore, it is better practice to confine the jury to a consideration of such alleged injuries as there was evidence to support, instead of submitting for their consideration all the injuries alleged in plaintiff's petition, and referring the jury to that pleading for a description of them. No assignment has been presented to the charge on that ground, but complaint is made of the verdict for excessiveness, predicated on the contention that many of the injuries complained of were not proved. But the suggestion now made is to avoid such possible criticism of the charge to be given on another trial.

[5] We wish to call attention further to the fact that the submission of a case to the jury on a general charge as well as on special issues, as was done in this instance, has often been condemned by our appellate courts. Dwyer v. Kalteyer, 68 Tex. 554, 5 S. W. 80; Cole v. Estell (Tex. Sup.) 6 S. W. 175; Heintz v. Heintz, 56 Tex. Civ. App. 403, 120 S. W. 941; Moore v. Pierson (Tex. Civ. App.) 93 S. W. 1007; T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188.

No assignment has been presented to the charge on that ground, but we suggest that such an error be avoided on another trial.

For the error first pointed out, the judgment is reversed, and the cause is remanded.