## NEWSOM v. COUCH. (No. 10577.)

(Court of Civil Appeals of Texas. Fort Worth. March 29, 1924. Rehearing Denied May 10, 1924.)

1. Trial ⬦36—Mortgage properly foreclosed, though not introduced in evidence, where defendant admitted execution.

In action to foreclose mortgage, court did not err in foreclosing, though mortgage was not introduced in evidence by plaintiff, where defendant admitted execution of note and mortgage, except as liability under them might be defeated by facts pleaded.

2. Trial ⬦205—Charge as to burden of proof on special issues submitted held proper.

In action to foreclose mortgage, charge that burden of proof was on defendant to establish issues that mortgage had been changed and that plaintiff had agreed to extend note was not erroneous.

3. Attachment ⬦211—Enforcement of attachment in action on note tried on special issues held proper, though levy neither alleged nor proved.

Foreclosure of attachment lien was proper in action on a note, tried on special issues, though no mention was made in pleadings nor evidence of an attachment having been levied.

4. Attachment ⬦217 — Description in judgment held sufficient to authorize officer to seize and sell land described.

Description, in judgment, of land upon which process of attachment had been levied and upon which court gave a foreclosure, held sufficient to authorize officer, when order of sale was placed in his hands, to seize and sell same.

5. Attachment ⬦217 — Officer may go to any record referred to in judgment for further description of lands ordered sold.

An officer, to determine metes and bounds of tract of land upon which foreclosure is ordered, may go to any record, map, and document referred to in judgment for further description, and may rely on surveyor to determine boundary lines, if necessary.

On Appellant's Motion for Rehearing.

6. Appeal and error ⬦190(1), 281(3)—Objections to foreclosure of attachment, not made below, held not reviewable as presenting fundamental error.

Objection to foreclosure of attachment liens upon certain tracts of land, not made in trial court, either in motion for rehearing, or by bill of exceptions, held not reviewable on appeal as presenting fundamental error.

Appeal from District Court, Haskell County.

Action by Mrs. John A. Couch against W. T. Newsom. Judgment for plaintiff, and defendant appeals. Affirmed.

Smith & Grissom, of Haskell, for appellant.

Murchison & Davis, of Haskell, and Theodore Mack, of Fort Worth, for appellee.

BUCK, J. Mrs. John A. Couch, joined pro forma by her husband, sued W. T. Newsom on a promissory note, executed by Newsom in favor of plaintiff for $1,100 principal, bearing interest from date at 10 per cent. per annum, and secured by a mortgage on 25 head of mules, 3 and 4 years old, and 25 mares and their increase. The defendant answered, acknowledging that he had executed said note, but denied that he had ex-

ecuted a mortgage on 25 head of mules and 25 head of mares and their increase, but alleged he had given a mortgage on only 20 head of mules, and 20 head of mares and their increase, and that the number of head of mules and mares had been changed subsequent to his signature, by changing the number from 20 to 25. He further alleged that as a consideration for the execution of the mortgage given by him, John A. Couch, acting for his wife, had agreed to extend the due date of the note, it being a demand note, dated January 21, 1922, to January 1, 1923. Defendant assumed the burden of proof and opened and closed the case. The cause was tried before a jury on special issues, and the jury found that the mortgage had not been changed subsequent to defendant's signature, and that no agreement or promise had been made by John A. Couch, on or about the date of the note, to extend the due date thereof to January 1, 1923. Other issues were submitted, but the court instructed the jury not to answer the same if they answered the first two in the negative. Upon this verdict, the trial court entered judgment for plaintiff for principal and interest and costs of suit, and foreclosed a mortgage lien on the 25 head of mules and 25 head of mares and their increase, and further foreclosed attachment liens on "275 acres of land and being abst. No. 327, and being all of the E. McGary survey in Haskell county, Texas," and on "200 acres of land and being the N. 200 acres of the 300-acre tract of the B. F. Wood survey, in Haskell county, Texas, abst. No. 424." The defendant has appealed.

[1] Error is urged that the trial court erred in foreclosing the mortgage on the livestock described, inasmuch as the mortgage was not introduced in evidence by the plaintiff, and was introduced by the defendant only for the purpose of showing or tending to show that the mortgage had been changed in the respects alleged by defendant. The plaintiff below alleged the execution of the mortgage by defendant and the delivery thereof to plaintiff, giving a general description of the instrument, and copying in the petition the description of the live stock covered thereby. Defendant in his answer acknowledged that he executed and delivered to plaintiff a mortgage, but claimed that the mortgage was only upon 20 head of mules and 20 head of mares, instead of 25 head of each. The defendant assumed the burden of proof to show that a forgery or change had been made in the instrument. In other words, the defendant admitted the execution of the note and the mortgage except as the liability under them might be defeated by the facts pleaded. We overrule this assignment. Montgomery v. Culton, 18 Tex. 736, 750; Montgomery v Jones, 18 Tex. 752. No error is shown by this assignment, even if the introduction of the mortgage by defendant for the purpose of proving the alleged change in it would not authorize the jury and the court to consider it for the purpose of proving its contents and execution.

[2] The second assignment complains of the giving of a charge that the burden of proof was on the defendant to prove by a preponderance of the evidence the affirmative of the first and second issues submitted, which, as aforesaid, were the only ones answered by the jury. Undoubtedly the defendant did assume the burden of proof of these issues, and we can see no impropriety in the court's so informing the jury. Chittim & Parr v. Martinez, 94 Tex. 141, 58 S. W. 948, in which Judge Brown, speaking for the Supreme Court, says that the mere fact that evidence upon an issue is conflicting does not make it improper to give a charge informing the jury as to which party has the burden of proof. Lancaster et al. v. Snider, 207 S. W. 560, by the Texarkana Court of Civil Appeals. The charge on this respect did not constitute the giving of a general charge upon a case submitted on special issues, as prohibited under the law, and in the decision of La Grone v. C. R. I. & G. Ry. Co. (Tex. Civ. App.) 189 S. W. 101; Payne, Agent, v. Kindel (Tex. Civ. App.) 239 S. W. 1011; F. W. & D. C. Ry. Co. v. Morrow (Tex. Civ. App.) 255 S. W. 674, and cases there cited.

[3] Error is also urged in the judgment, in the foreclosure of the attachment lien upon two certain tracts of land. It is urged that neither in his pleadings nor in the evidence was there any mention of an attachment having been levied. Where an attachment process has been issued in an action, it is not necessary to allege or prove such fact, especially in a case tried on special issues. Frank v. Brown Hardware Co., 10 Tex. Civ. App. 430, 31 S. W. 64; Tyson v. Bank & Trust Co. (Tex. Civ. App.) 154 S. W. 1055. The court is the judge as to the regularity and service of such process.

[4, 5] It is further urged that the description of the lands upon which the process of attachment had been levied, and upon which the court gave a foreclosure, is insufficient to authorize an officer, when the order of sale is placed in his hands, to seize and sell the same. The description of the land as shown in the judgment is as follows:

"275 acres of land and being the abst. No. 327 and being all of the E. McGary survey in Haskell county, Texas, and 200 acres of land and being the N. 200 acres of the 300-acre tract of the B. F. Wood survey in Haskell county, Texas, abst. No. 424."

The abstract numbers given are evidently the numbers given by the general land office of the state, and such numbers are not duplicated in the same county. Therefore a reference is made to such abstract so num-

bered for a further description, if necessary, of the lands in question. The first tract is said to be all of the E. McGary survey under the abstract number given, and the second tract is stated to be the north 200 acres of the 300-acre tract in the numbered B. F. Woods survey. Even if there should be more than one E. McGary survey and more than one B. F. Woods survey in Haskell county, as urged by appellant, surveys other than those mentioned would be described in differently numbered abstracts, and the officer would not be misled thereby in his search for the land. It is not essential that the officer be enabled himself to determine the exact metes and bounds of the tract of land upon which a foreclosure is ordered. He may go to any record, map, or document referred to in the judgment for a further description, and may rely on a surveyor to determine the boundary lines, if necessary. Slater v. Wilkins, 37 Tex. 667; Wingo v. Jones (Tex. Civ. App.) 59 S. W. 916; Taylor v. Carter, 62 Tex. 489; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965; also (Tex. Civ. App.) 45 S. W. 415; Leavell v. Seale (Tex. Civ. App.) 45 S. W. 171.

All assignments are overruled, and the judgment below is affirmed.

### On Appellant's Motion for Rehearing.

In support of his assignment that the trial court was not authorized to foreclose the attachment lien upon the 275 acres, being all of the E. McGary survey and the north 200 acres of the 300-acre tract of the B. F. Wood survey, appellant quotes the following language from Frank v. Brown Hardware Co., 10 Tex. Civ. App. 430, 31 S. W. 64:

"The averments in the affidavit for attachment were not in issue, and it was unnecessary to allege in the petition that an attachment had been sued out, or to pray therein for foreclosure of the attachment lien. The production of the affidavit, the bond, the writ, and the return of the officer executing the same, thereon indorsed, giving a sufficient description of the property levied on, authorized the court, upon motion of plaintiff, to give judgment foreclosing the lien."

It is urged that in the cited case there was evidently introduced in evidence the affidavit, the bond, the writ, and the return of the officer executing the same, while in the instant case the statement of facts does not show the introduction of these matters in evidence, but only shows:

That "the plaintiff offered and read in evidence the writ of attachment dated the 26th day of May, 1922, issued out of the district court of Haskell county, Texas, by R. R. English, clerk, together with the return of the sheriff thereon, showing levy on 275 acres of land, fully described in the judgment in this cause shown in transcript."

That no showing was made as to the issuance and levy of any writ of attachment on the 200 acres of land out of the B. F. Wood survey, hence, especially as to this tract, the evidence is insufficient to sustain the judgment foreclosing the attachment lien.

The defendant in his answer alleged:

"That on the 26th day of May, 1922, plaintiffs made an application for a writ of attachment and in said affidavit alleged that the plaintiffs would probably lose their debt unless said attachment was issued. That plaintiffs caused said writ of attachment to be issued and levied on 520 acres of land belonging to the defendant, located about 5 miles north of the town of Haskell, Texas."

He further asked for exemplary damages in the sum of $3,000—

"for the breach of said contract as aforesaid and causing to be issued and levied the writ of attachment herein as aforesaid."

[6] The two tracts of land on which a foreclosure was awarded in the judgment amounted to 475 acres of land, less than the amount alleged by defendant to have been attached. The judgment described the two tracts substantially as set out in the original opinion. In his motion for rehearing, the defendant made no objection specifically to the foreclosure of the attachment liens upon these two tracts of land. We are of the opinion that he is in no position now to raise the question that no evidence was introduced to show the issuance and levy of the attachment on the 200 acres. Furthermore, we do not understand from the language quoted in Frank v. Brown Hardware Co., supra, that the court held that it was necessary to introduce in evidence the affidavit, the bond, the writ, and the return of the officer executing the same, thereon indorsed. Such process and service thereof constituted a part of the ancillary proceeding, and the court and not the jury was the judge of the regularity of this proceeding, and could enter judgment of foreclosure if the attachment proceedings were regular, even without proof thereof being shown in the record. Certainly this question does not present fundamental error, such as to require this court to consider it, where the objection now urged was not presented in the trial court either in the motion for rehearing or by bill of exception.

The motion for rehearing is overruled.