NATIONAL LIFE & ACCIDENT INS. CO. OF TENNESSEE v. WASHINGTON. (No. 8943.)

Court of Civil Appeals of Texas. Galveston. March 4, 1927.

Rehearing Denied May 10, 1927.

1. Judgment ☞19—Judgment based in part upon verdict on special issue, not supported by evidence, cannot stand.

Judgment which was based in part at least upon verdict on special issue which was not supported by sufficient evidence could not stand.

2. Trial ☞215 — Submission of cause upon both general charge and special issues was error.

Submission of cause upon both a general charge and special issues held error.

Appeal from Galveston County Court; E. B. Holman, Judge.

Suit by George Washington against the National Life & Accident Insurance Company of

Tennessee. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, and Lewis Jeffrey, of McMahan, for appellant.

Levy, Levy, Barker & Kahn, of Galveston, for appellee.

GRAVES, J. This suit was by the appellee to recover of the insurance company the face value of a policy it had issued on the life of his wife, Laura Washington, together with penalty, interest, and attorney's fees, all alleged to have accrued from its wrongful refusal to perform the contract after the assured's death.

After a general demurrer and denial, the company defended upon the averment that the "sound health" provision of the policy had been violated, in that the assured had not been in sound health at the time the policy was issued, nor for some time prior thereto, and tendered into court the total of all premiums paid upon the policy, praying that it be discharged. By supplemental pleadings the appellee, in turn, denied these defensive allegations, and further charged that the insurance company had waived the conditions and limitations in the policy with reference to sound health at the time of its issuance by accepting premiums thereon after it became aware that the assured was not in sound health; this, also, appellant denied. The court submitted the cause to a jury upon special issues embodying these several contentions as to the facts, and also gave a general charge. Upon the return of a verdict upon the special issues favorable to the appellee, judgment was rendered for him in the amount sued for, and the insurance company appeals.

In view of the state of the record and of the attitude of the parties on the appeal, it is deemed unnecessary to discuss any but the first special issue; it was thus:

"Did the defendant, at the time of the issuance and delivery of the policy, have any notice or knowledge that the insured was of unsound health or afflicted with a deadly malady, to wit, chronic nephritis or Bright's disease, the disease that caused her death?"

The jury answered, "Yes," and upon that verdict in part, at least, the judgment was based.

[1] In this court appellant attacks the finding as being without sufficient evidence to support it, and the appellee, through other counsel than those who acted for him in the trial court, concedes that it is, both litigants on that account asking a reversal; we reach the same conclusion after a careful examination of the statement of facts. The judgment, therefore, cannot stand; the evidence, however, upon this, as well as upon the other fact issues mentioned, does not seem to have been fully developed; it not even appearing

just when the Bright's disease, which the assured admittedly had at the time of her death, was contracted.

[2] The submission of the cause upon both a general charge and special issues was likewise error (Baker v. Beatty [Tex. Civ. App.] 235 S. W. 971; Ry. Co. v. Amason [Tex. Civ. App.] 239 S. W. 359; Payne v. Kindel [Tex. Civ. App.] 239 S. W. 1011; T. & N. O. v. Harrington [Tex. Com. App.] 235 S. W. 188; Oil Co. v. McLean [Tex. Com. App.] 280 S. W. 557), although it does not appear that appellant objected on the trial to that procedure; this question should be eliminated on another trial.

It follows that the judgment should be reversed and the cause remanded; that order will enter.

Reversed and remanded.

### On Motion for Rehearing.

Appellant misconstrues the original opinion; the remand was not ordered on the ground that "the fact of the duration of the disease has not been properly established," as its motion asserts, but upon the conclusion that the evidence upon the fact question submitted in quoted special issue No. 1 did not appear to be fully developed; in other words, this court was of opinion, from what was disclosed, that more might reasonably be expected to be upon the material inquiry of whether or not appellant, at the time it issued the policy in suit, had any notice or knowledge that the insured was then in unsound health or afflicted with Bright's disease.

It was shown that the policy in suit, a life one, was issued in June, 1924, at which time appellant was also carrying a sick-benefit policy for the insured, the premiums upon both being collected by it each week; she was then in unsound health, in that she was suffering from fibroid tumor, which fact appellant admitted knowing at that time; thereafter, and up until the week before she died on August 23, 1924, it continued collecting these premiums on each policy while at the same time paying her the weekly benefits on account of the tumor stipulated for in that policy; in doing this, in pursuance of its system, claims from her therefor, various and sundry doctor's reports, and other proofs of and indicia as to her condition—inclusive of an operation at the hospital for removal of the tumor on June 19, 1924—practically throughout this period between the issuance of the life policy here involved and her death less than three months later, were received and sent to its home office in Nashville, Tenn.

On this trial appellant's witness and district manager, while denying that he had any knowledge of the existence of Bright's disease at the time this life policy was issued, testified in substance to the facts just stated, saying with reference to the records referred to:

"We have not those records. They are in the home office at Nashville."

In view and upon the basis of this situation, our former conclusion was thus expressed:

"The evidence, however, upon this, as well as upon the other fact issues mentioned, does not seem to have been fully developed, it not even appearing just when the Bright's disease, which the assured admittedly had at the time of her death, was contracted."

That statement was made advisedly with this agreement in the record before us:

"That at the time of the issuance and delivery of the policy sued on in this case, the assured was of unsound health and afflicted at that time with a fibroid tumor and also with chronic nephritis (Bright's disease) of six or twelve months' duration up to that time, that is, up to the time of the issuance and delivery of the policy sued on herein."

Obviously, the point in mind was that if the patient had then been afflicted with Bright's disease for possibly a whole year and certainly for six months, just when it actually developed not appearing, the medical records and other data appellant was thus shown to have in its possession, and which were not available on the trial, might reasonably be expected to throw some light upon whether or not it knew or should have known that the Bright's disease also, as well as the tumor, existed when it issued the life policy.

We still think so, and must adhere to the original judgment; the motion for rehearing will therefore be overruled.

Overruled.