## Adolph Cahn et al. v. E. S. Jaffray & Co.

### No. 1018.

**Sequestration—Affidavit by Agent for Nonresident Plaintiff—Sufficiency.**

An affidavit for a writ of sequestration made by an agent for a non-resident plaintiff is sufficient if it states that affiant fears that the defendant will remove the property out of the county pending the suit, without stating that plaintiff fears the defendant will so remove the property. Article 4489, Revised Statutes, construed.

Appeal from Dallas. Tried below before Hon. R. E. Burke.

*Watts, Aldredge & Eckford, R. E. Cowart,* and *McCormick & Spence,* for appellant.—Where an agent makes affidavit for his principal to procure a writ of sequestration, the affidavit is insufficient unless the agent swears that the plaintiffs fear that the defendant in possession of the property will remove the same out of the county during the pendency of the suit. Sayles' Civ. Stats., arts. 4484, 4490; Drake on Attachments (7 ed.), sec. 94a; Dean v. Oppenheim, 25 Md., 368; Kaufman v. Shellworth, 64 Texas, 179; Butler v. Dunegan, 19 Texas, 559; Lannes v. Courege, 31 La., Ann., 74; Wilson v. Churchman, 4 La., Ann., 452; 22 Am. & Eng. Enc. Law, 100, note 4.

*George H. Plowman,* for appellees.—The affidavit made by plaintiffs' agent for the issuance of the writ of sequestration in this case was sufficient. Rev. Stats., title 2, art. 5; Erwin v. City of Austin, 1 W. & W. C. C., sec. 1040; Carter Bros. v. Wise Coal Co., 2 Willson C. C., sec. 213; Hansel v. Gregg, 7 Texas, 228; Nichols v. Able, 14 Texas, 531; McIntosh v. Greenwood, 15 Texas, 117; Shelton v. Berry, 19 Texas, 155; Willis v. Lyman, 22 Texas, 268; Bowles v. Glasgow, 36 Texas, 95; Harriss v. Reed, 47 Texas, 523; Lewis & Baker v. Stewart, 62 Texas, 355; Gray v. Steadman, 63 Texas, 95; Willis v. Mooring, 63 Texas, 340; Evans v. Rosser, 64 Texas, 199; Fopp v. Ardman, 67 Texas, 173; Munzenheimer v. Cloak Co., 79 Texas, 318; Sayles' Pleading and Forms, sec. 494, p. 683; Johnson v. Dowling, 1 W. & W. C. C., sec. 1092; Steward v. Clark, 11 La. Ann., 319; Hoyle v. Tarbee, 14 La., 92 (494); Farley v. Farrier, 6 La. Ann., 725; Marine Bank v. Word, 35 Hun. (N. Y.), 395, 451.

FINLEY, Associate Justice.—This was a suit by E. S. Jaffray & Company against Adolph Cahn, as surviving partner of Cahn Brothers, a late firm composed of Adolph Cahn and Henry Cahn, deceased, and

against Sigmund Loeb, trustee, to rescind the sale of merchandise and recover the identical invoices of goods sold by E. S. Jaffray & Co. to Cahn Bros., on the ground that said goods had been obtained by Cahn Bros. on credit from plaintiff by fraud and misrepresentation on the part of Cahn Bros. as to their assets, solvency and pecuniary ability. Jaffray & Co. alleged that shortly after the goods in question were so purchased and received by Cahn Bros., Henry Cahn died, and thereupon Adolph Cahn, surviving partner, executed to one Sigmund Loeb, trustee, a trust deed upon the entire mercantile stock of Cahn Bros. for the benefit of certain preferred creditors; that Loeb was in possession of the goods for which Jaffray & Co. sued; that Cahn Bros. and Adolph Cahn were insolvent, and they prayed for a writ of sequestration to seize said goods. Sequestration was issued, and that portion of the goods described in the judgment of E. S. Jaffray & Co. against Adolph Cahn et al. were seized. Sigmund Loeb, trustee, replevied the goods and executed a replevy bond with E. M. Kahn and J. B. Adoue as sureties, a true and agreed copy of which bond is on file in the record of this cause. Pending suit, Sigmund Loeb and plaintiff, E. S. Jaffray, died, and the suit was then prosecuted by the surviving members of said firm, Howard S. Jaffray and John R. P. Woodriff, as plaintiffs. The executors of defendant Loeb's estate, namely, E. M. Kahn and W. J. Meyer, were made parties to the suit. The writ of sequestration was issued upon an affidavit made by G. W. Cary, which, omitting the description of the goods, is as follows: "The State of Texas, County of Dallas. Now comes plaintiffs, E. S. Jaffray & Co., by their agent, G. W. Cary, who, being sworn, says he is agent for E. S. Jaffray & Co., and that E. S. Jaffray & Co. are the owners of the property sued for and hereinafter described, and are entitled to the possession thereof; that the property aforesaid, which plaintiffs seek to sequester, is situated in Dallas County, Texas, and the value and quantity and description of each article thereof is respectively as follows: [The description being lengthy and immaterial, is here left out.] The affiant further states that plaintiffs sue for the possession of said above described property, which is situated in Dallas County, and makes oath that he fears that said Sigmund Loeb, who is in possession thereof, will remove the same out of the limits of the county during the pendency of this suit.

(Signed)                    G. W. CARY."

The defendants, Adolph Cahn and the executors of Sigmund Loeb, answered by general denial, and filed their motion to quash the sequestration proceedings on the alleged ground that the affidavit for writ of sequestration was insufficient. This motion was overruled by the court below, to which ruling said defendants Cahn and the executors of Henry Cahn, deceased, excepted. On April 18, 1894, a jury trial resulted in a verdict for plaintiffs against Adolph Cahn for $3956.27, the full value of the goods sued for by plaintiffs, with interest and costs of suit, and against E. M. Kahn and W. J. Meyer, as executors of Sigmund Loeb, deceased, and E. M. Kahn and J. W. Adoue, jointly and severally, as

sureties on the replevy bond given by the original defendant, Sigmund Loeb, for the sum of $2259.51, together with six per cent interest thereon and costs of suit, and execution was to issue for said amount against E. M. Kahn and J. B. Adoue as such sureties; that the judgment as to W. J. Meyer and E. M. Kahn, as executors of Sigmund Loeb, deceased, be paid in due course of administration. Defendants Adolph Cahn, and W. J. Meyer and E. M. Kahn, as executors, and E. M. Kahn and J. B. Adoue, as sureties, filed their motion for a new trial, which was by the court overruled, and they gave notice of appeal in open court. Pursuant thereto, defendants W. J. Meyer and E. M. Kahn, as executors of the estate of Sigmund Loeb, deceased, and J. B. Adoue and E. M. Kahn, sureties, filed their supersedeas bond with R. Liebman and A. Pandreas as sureties in the sum of $5000, payable to Howard S. Jaffray and John R. P. Woodriff, surviving partners of E. S. Jaffray & Co., and also their cost bond for appeal.

*Opinion.*—The three assignments of error presented by appellants involve the sufficiency of the affidavit for the writ of sequestration. It is contended that the affidavit is defective and insufficient, and that the court should have quashed the sequestration proceedings and refused to render judgment against the sureties upon the replevy bond. The affidavit was made by an agent; it recites his agency, and states that he fears that the property will be removed, etc. It is urged that the affidavit should have stated that the plaintiff fears the property will be removed, and that the statement of the affiant, that he feared the removal, etc., does not satisfy the statute. The petition of the plaintiffs showed that they resided and did business in the State of New York; the affidavit was made by their agent for them, in Dallas, Texas.

Article 4490, Revised Statutes, provides what the affidavit shall contain. Among other things, it requires that "it shall set forth one or more of the causes named in the preceding article entitling him to the writ." The second ground named in the preceding article (4489) is set forth in the following clause: "When a person sues for the title or possession of any personal property of any description, and makes oath that he fears the defendant or person in possession thereof will injure, ill-treat, waste or destroy such property or remove the same out of the limits of the county during the pendency of the suit." It is not claimed that the required affidavit could only be made by the plaintiff in person. Article 5, Revised Statutes, expressly authorizes all such affidavits to be made by an agent or attorney. The contention is, that the fact to be sworn to as a ground for the writ is that the plaintiff fears the removal of the property. In this case the plaintiffs, who reside in a distant State, are represented by an agent; he makes the application for the writ for them; in his affidavit he sets out all the facts made essential by the statute, unless he should have stated that the plaintiffs fear the removal of the property. The statute does not in terms say that the affidavit shall state that the plaintiff fears. Fear of the re-

moval of the property is a statutory ground for the issuance of the writ, and we think that the statute contemplates that such fear shall exist in the mind of the person applying for its issuance, by the making of the affidavit. It is certainly not intended that an agent should swear what is in the mind of his principal, who is a great distance away, and perhaps ignorant of the facts.

We think the affidavit is in substantial compliance with the statute, and that the action of the court below in refusing to quash the sequestration proceedings was proper.

There is no question made as to the correctness of the judgment against the original defendant; the only question is as to the liability of the sureties upon the replevy bond. Even if the affidavit had been defective, as the defendant was cast in the suit, judgment should have been rendered against the sureties. Bemis v. Wells, 31 S. W. Rep., 828.

There is no other question raised by the brief of appellants, and we find no cause for the reversal of the judgment.

*Affirmed.*

Judgment affirmed.

Delivered January 11, 1896.