### E. P. Turner et al. v. City of Houston.

Decided May 18, 1899.

**1. Appearance—Notice of Amendment.**

The want of notice of an amendment to a petition setting up a new cause of action, or of the order granting leave to file the amendment, is obviated by defendant's appearance at the trial of the cause.

**2. Presumption—Taxation—Assessment of City Lots Together.**

Lots assessed and valued together will be presumed from their use and situation to be practically one tract or parcel of land, in view of the statutory requirement of the owners to render an inventory and list' of their property for taxation, and the absence of any proof as to how the assessment was made.

**3. Tax Lien—Sale of Several City Lots in Gross.**

The lien of city taxes upon different parcels or lots assessed and valued together may be foreclosed upon all of them in solido for the sum of the taxes assessed against each parcel, under a city charter provision making taxes assessed against property a lien thereon and providing for a suit and personal judgment against the owner for the amount of taxes with foreclosure of the lien, and declaring that the property may be sold either separately or in gross.

**4. Same—Description of City Property on Assessment Rolls.**

The question of the sufficiency of the description of property assessed for city taxes will not be reviewed when raised for the first time on appeal and without assignment of error, especially where the city charter provides that when the description is vague and indefinite the city may show by other evidence the location and owners of the property on which the tax is due.

Error from Harris. Tried below before Hon. Jno. G. Tod.

*E. P. Turner*, for plaintiff in error.

GARRETT, Chief Justice.—This action was brought by the city of Houston against E. P. Turner and his wife, Mary V. Turner, and Frank Dunn for the recovery of taxes due the city and for the foreclosure of a lien therefor upon certain property assessed against the defendants. The original petition was filed September 11, 1894, and in it the plaintiff sought to recover, as taxes due upon said property, the sum of $1576.60 for the years 1881 to 1889, inclusive. The defendants appeared in the cause by an answer filed on October 4, 1895. Afterwards, on June 8, 1897, the plaintiff filed an amended original petition in which it sought to recover the sum of $2323, taxes due the city for the year 1881 to 1889, sued for in the original petition, and the additional years 1890 to 1893,

inclusive, and the year 1896.   A statement of the taxes due on the property made from the tax rolls certified to and signed by the city assessor and collector was attached to the petition and made a part thereof, as follows:

| Year. | No. Lots and A. | No. Blk. | Side B. B. | Value $. | Rate % | Am. Tax |
|---|---|---|---|---|---|---|
| 1881. | $\frac{1}{4}$ ............... | 369 | South | 5,000 | 2% | 100 |
| 1882. | $\frac{1}{4}$ ............... | 369 | South | 5,000 | | 100 |
| 1883. | $\frac{1}{4}$ ............... | 369 | South | 5,000 | | 100 |
| 1884. | $\frac{1}{4}$ ............... | 369 | South | 6,000 | | 120 |
| 1885. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 6,000 | | 120 |
| 1886. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 5,000 | | 100 |
| 1887. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 5,000 | | 100 |
| 1888. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 5,000 | | 100 |
| 1889. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 6,000 | | 120 |
| | | | | | | 960 |
| 1887. | July 26, credit by reduction from city council, 1881 to 1886 .......... | | | | | 40 |
| | | | | | | 920 |
| 1887. | Part 11 ........... | 32 | South | 10,000 | | 200 |
| 1888. | Part 11 ........... | 32 | South | 11,000 | | 220 |
| 1889. | Part 11 ........... | 32 | South | 11,000 | | 220 |
| 1890. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 7,000 | | 140 |
| 1891. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 7,500 | | 150 |
| 1892. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 7,550 | | 151 |
| 1893. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 7,550 | | 151 |
| 1896. | 4, 5, $\frac{1}{2}$ 11......... | 369 | South | 8,550 | | 171 |
| | | | | | | $2,323 |

"I hereby certify that the above and foregoing statement of the taxes due the city of Houston on the above mentioned property for the years above named was made from the city tax rolls of the city of Houston in my office, and that said statement is true and correct as shown by said city tax rolls.

"JUSTIN C. WHITE,
"City Assessor and Collector of Taxes of the City of Houston."

On July 17, 1897, the case was tried by the court without a jury and judgment was rendered against the defendants for the aggregate sum of all the taxes with a foreclosure of the lien therefor upon all the property in gross, and a sale thereof was ordered for the payment of the sum adjudged.

The defendants, E. P. Turner and his wife, Mary V. Turner, have brought the judgment of the court below before this court for revision by writ of error. There is no statement of facts in the record. The errors relied on for reversal of the judgment of the court below are: (1) rendition of judgment against the defendants upon the amended original petition without service thereof upon them; (2) in foreclosing the lien upon the several lots for the taxes assessed against the same upon all of them in solido. Defendants also present in a supplement argument, filed some time after the brief was filed, as fundamental error that the assessment is void for want of a sufficient description of the property.

In Rabb v. Rogers, 67 Texas, 335, it was held that when the defendant has been cited and has not answered, he is entitled to notice of every amendment setting up a new cause of action, but if he has answered, the only notice to which he is entitled is that of the order of the court granting leave to file the amendment. When the amendment is made in vacation the party filing the pleading must notify the opposite party or his attorney within five days from the filing of the same. Batts' Rev. Stats., art. 1188, and notes 3956, 3957, 3958; Sayes' Pleading (1893), sec. 508. The amendment was filed during a term of the court, but the record does not contain any order of the court showing leave to file. Appearance, however, supplies the want of notice of an amendment, and it appearing from the recitals in the judgment that the defendants appeared upon the trial of the cause, it becomes immaterial whether there was an order of court granting leave to amend or notice was given of the filing of the amendment or not. The object of obtaining the leave to amend is to give the notice. Batts' Rev. Stats., note 3954. By their appearance at the trial of the case the want of formal notice was obviated.

The fifth assignment of error and the propositions thereunder are not followed by a statement as required by the rules. It is only by this assignment that the question of foreclosure upon one lot of land for the taxes due upon another is presented. But we are of the opinion that no error was committed by the court. Since there is no statement of facts in the record, every presumption will be indulged in favor of the proof of facts necessary to support the judgment. The defendants were required by law to render an inventory and list of their property for taxation, and it will be presumed that the description appearing upon the tax rolls was furnished by the defendants themselves, and that the lots assessed and valued together were from their use and situation practically one tract or parcel of land, and were thus properly assessed. Trust Co. v. City of Oak Cliff, 8 Texas Civ. App., 217. There are, however, different parcels of lots thus assessed, and the foreclosure is upon all in solido for the sum of the taxes assessed against each parcel. By the charter of the city of Houston, as well as the Constitution, the taxes assessed against property are made a lien thereon, and a suit may be maintained therefor against the owner and personal judgment recovered against him for the amount of the taxes with foreclosure of the lien, and the property may be sold either each piece separately or in gross,

but the same may be sold in less tracts than the whole at the written request of the defendant, filed with the officer in whose hands the order of sale may be, any time before the sale. Charter of Houston, sec. 40 (Spec. Laws 1897, pp. 73, 74.) A similar provision as to sale of land for delinquent taxes due the State is made by general law. Sayles' Rev. Stats., arts. 5232f, 5232g. This provision has received construction by the Court of Civil Appeals for the Fourth district in a case in which the Supreme Court has refused a writ of error, and a judgment directing a sale of a large number of sections of land in gross was sustained. Masterson v. State, 17 Texas Civ. App., 91. There is nothing of which the defendants can complain. They are personally liable for the whole amount of taxes, and all of the property is subject to sale for the payment thereof. There is nothing in the record to show that any part of the property was the homestead of the defendants. Their answer alleges that a part of it was their homestead, but the petition does not disclose it, and there is no statement of facts to show that the averment in the answer is true.

We do not regard the question of sufficiency of description, sought to be raised by the defendants without assignment of error, as one of fundamental error of which we should take notice when raised for the first time on appeal and without assignment. Especially since the charter of the city provides that "when the description of any property on the assessment sheets or tax rolls is vague and indefinite the city may show by evidence other than the assessment and tax rolls where the property is located and on what property the tax is due, what parties own the property, and that taxes on the same are due and unpaid, and enforce and foreclose the tax lien on such property." Spec. Laws, supra, pp. 72, 73, The judgment of the court below will be affirmed.

*Affirmed.*