## TYSON v. FIRST STATE BANK & TRUST CO. OF SANTA ANNA.

(Court of Civil Appeals of Texas. Austin. Feb. 26, 1913.)

1. APPEARANCE (§ 13*)—DUTY OF DEFENDANT TO TAKE NOTICE—AMENDMENT IN OPEN COURT.

It is the duty of a defendant, who has answered the petition, to take notice of a subsequent amendment thereof in open court, on leave, and govern himself accordingly, even if the amendment sets up a new cause of action.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 65; Dec. Dig. § 13.*]

2. SEQUESTRATION (§ 16*) — ABATEMENT — TRUTH OF AFFIDAVIT.

The truth of the allegations of an affidavit for sequestration cannot be put in issue for purpose of abating the writ; but the remedy for their falsity is by suit on the bond.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33, 34; Dec. Dig. § 16.*]

3. SEQUESTRATION (§ 16*)—AFFIDAVIT—AGENT OF PLAINTIFF CORPORATION.

The law requiring plaintiff, before a writ of sequestration issues, to make oath that he fears defendant or the person in possession will remove the property out of the limits of the county pending the suit, and Rev. St. 1895, art. 5, permitting an affidavit required of a party to be made by his agent, the affidavit of the agent of plaintiff corporation that it has such fear is sufficient.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 33, 34; Dec. Dig. § 16.*]

4. REPLEVIN (§ 125*)—SEQUESTRATION—JUDGMENT ON BOND—PLEADINGS.

Where a sequestration writ issues, and defendant replevins the property, and judgment goes against him, it is the duty of the court to render judgment on the replevin bond; and this though there is no reference in the pleadings to the issuance of such proceedings.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 503, 504; Dec. Dig. § 125.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action by the First State Bank & Trust Company of Santa Anna against M. Tyson and another. Judgment for plaintiff. Defendant Tyson appeals. Affirmed.

Critz & Woodward, of Coleman, for appellant. Snodgrass & Dibrell, of Coleman, for appellee.

RICE, J. Appellee brought this suit against Belle Baker and M. Tyson on the 22d of September, 1911, alleging that said Belle Baker on the 29th of October, 1910, had executed and delivered to J. R. Raney her note, payable to his order on or before October 1, 1911, in the sum of $260.10, with interest and attorney's fees, which had been, before maturity and for value, transferred by said Raney to appellee; that the same was secured by a chattel mortgage, executed by said Baker, of even date, on one wagon and all the cotton grown or to be grown by said Baker on her farm in Coleman county, or elsewhere in said county for the year 1911; that said cotton was thereafter planted and grown by said Baker, by reason of which said mortgage attached to same; that defendants were in possession of all of said mortgaged property; and that said Tyson was setting up some character of claim or lien thereon, which lien was inferior to that of appellee, praying for judgment against said Baker for the amount of said note, interest, and attorney's fees, and for foreclo-

sure of its lien upon said mortgaged property, without further asking any specific judgment against said Tyson, but closing with prayer for general relief.

Citation was duly issued and served upon each of said defendants, and sequestration proceedings were at the same time instituted, which were levied upon said property. Afterwards, on the 29th of February, 1912, appellant and said Baker both filed separate answers, each setting up pleas in abatement to said suit, on the ground that the same had been prematurely brought; and a general exception and general denial. Said Tyson, in addition, attacked the validity of said mortgage on the ground that said crop had no existence at the time of its execution, and that said Baker had never raised any crop on said premises. And further answering, he alleged that on the 11th of March, 1911, she had rented said farm to him; that he went into possession thereof, raised a crop thereon for said year, and had paid her the rent therefor; and that said crop of cotton belonged to him; denying that he had ever had possession of said wagon, or set up any claim thereto. The exceptions and pleas in abatement were, at the March term of said court, overruled, to which appellant excepted. Thereafter, on the 18th day of June, 1912, appellee, with leave of the court duly entered of record, filed its amended petition, wherein, in addition to its former allegations, it set out the issuance and levy of the writ of sequestration upon said crop of cotton and replevy of same by appellant, and charged that defendants had converted said property, having moved the same out of the county since the institution of the suit, praying for judgment against said Baker for its debt and foreclosure of said morgage lien, and for judgment against Tyson for the value of said property so appropriated by him, and for judgment on said replevin bond. Likewise on the same day, appellee filed a supplemental petition in reply to the answer of defendant Tyson, setting up a general denial, and specially alleging the invalidity of said rental contract, on the ground that the same was made with the intent to defraud creditors. Judgment was thereafter rendered by the court without a jury against said Baker for $332.90, foreclosing said chattel mortgage; and likewise against said Tyson and the sureties on his three several sequestration bonds for the sum of $288.16, the value of the property so sequestered; from which judgment Tyson alone appeals, contending that the court erred in rendering judgment against him on said amended petition, because the same set up a new cause of action, which he had not been cited to answer; claiming that the original petition did not allege any cause of action, nor pray for judgment of any character whatever, against him.

[1] The original petition alleged that he was in possession of and asserting some claim to the mortgaged property, inferior to that of the plaintiff. There was a prayer for general relief, which entitled plaintiff to a foreclosure of its mortgage as against both defendants, and appellant answered this petition, which was afterwards amended in open court, leave having been obtained to do so. This being true, even if the amendment had in fact set up a new cause of action, which we are not prepared to concede, it was his duty to take notice thereof, and govern himself accordingly. See Turner v. Houston, 21 Tex. Civ. App. 214, 51 S. W. 642; Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303; R. S. art. 1188. In Rabb v. Rogers, supra, where the same contention was made as here, and defendants had been cited and answered, the court said: "But it is a sufficient answer to the entire proposition of the appellees that at the time the amended petition was filed they were in court, and had filed demurrers and other defenses to the action. Some of the demurrers had been sustained, and this created a necessity for the amendment. The rule is well established in our state that a defendant who has been cited, but has not answered, must be notified of every amendment which sets up a new cause of action, or requires a more onerous judgment against him. But if he has pleaded to the action, the only notice to which he is entitled is the order of court granting leave to file the amendment."

[2, 3] Appellant filed his motion to quash the sequestration proceedings, on the ground that it affirmatively appeared from said petition and affidavit that appellee was a private corporation; and the affidavit, which was made by its agent, alleged that the plaintiff fears that the defendants would remove the property upon which it is seeking to foreclose the lien out of the county during the pendency of the suit, asserting by his proposition thereunder that a corporation is incapable of entertaining any fear, and that the allegation of its agent or officer that it does entertain such fear is insufficient to support a writ of sequestration. The affidavit recites that "now comes plaintiff by its agent and cashier Leon L. Shield, and upon oath states, etc." It is signed and sworn to by him as agent for and cashier of plaintiff. A corporation can only act by and through its agents, for whose acts it is and can be held legally responsible; and, the affidavit being made by its cashier acting for plaintiff, it must be presumed that he had knowledge of the existence of the facts stated therein. The law requires the plaintiff to make oath, before the writ is issued, among other things, that he fears the defendant or person in possession will remove the property out of the limits of the county during the pendency of the suit. Article 5 of the

Revised Statutes provides that, whenever at the commencement or during the progress of any civil suit or judicial proceeding it may be necessary or proper for any party thereto to make an affidavit, such affidavit may be made by either the party, or his agent or attorney. The affidavit is made in the very language of the statute. It has been held that the truth of the allegations in an affidavit for attachment cannot be put in issue for the purpose of abating the writ; and we think this rule is applicable as well to the sequestration affidavit. See Cloud v. Smith, 1 Tex. 611; Dunnenbaum v. Schram, 59 Tex. 281; Hillebrand v. McMahan, 59 Tex. 450; Lewy v. Fischil, 65 Tex. 311; Dwyer v. Testard, 65 Tex. 432. If such allegations were false, the remedy would be by suit on the bond. See Nenney v. Schluter, 62 Tex. 328; Bateman v. Ramsey, 74 Tex. 589, 12 S. W. 235; Goodbar v. National Bank, 78 Tex. 461, 14 S. W. 851.

While it is true that it has been held in Cahn v. Jaffray, 12 Tex. Civ. App. 324, 34 S. W. 372, and Simon v. Greer, 34 S. W. 343, that an affidavit is sufficient if it states that the agent himself fears that the defendant would remove the property out of the county during the pendency of the suit, still we know of no case wherein it has been held that the agent of a corporation could not make the affidavit for the corporation, stating that it feared that the defendant would remove the property out of the county during the pendency of the suit; but, on the contrary, the exact question here raised has been decided against appellant's contention in the case of Wilson Hardware Co. v. Anderson, 22 Tex. Civ. App. 229, 54 S. W. 928, wherein a writ of error was denied, and upon the authority of which we hold that the court did not err in refusing to quash the writ for the reasons assigned. For which reasons we overrule the third and fourth assignments.

[4] By the fifth assignment it is insisted that the court erred in rendering judgment against appellant on the sequestration bonds, on the ground that they were not pleaded as a basis for such judgment in the original petition. We think that what we have heretofore said is a sufficient answer to this contention; but, in addition thereto, it may be added that where a sequestration, attachment, or other like writ has been issued, and the property replevied and judgment goes against the defendant, it is the duty of the court to render judgment on the bond; and this, we think, can be done without any reference in the pleadings to the issuance of such proceedings. See Frank v. Brown Hardware Co., 10 Tex. Civ. App. 430, 31 S. W. 64, and authorities there cited.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.