**SLATTERY et al. v. UVALDE ROCK ASPHALT CO.**

No. 3666.

Court of Civil Appeals of Texas. Beaumont.
May 8, 10, 1940.

Rehearing Denied May 29, 1940.

D. L. Broadus, of Beaumont, for appellants.

Geo. A. Weller, of Beaumont, for appellee.

O'QUINN, Justice.

On the 11th day of September, 1939, on an instructed verdict, judgment was rendered in favor of appellee, Uvalde Rock Asphalt Company, against appellants, Anna, Mayme and Nora Slattery, for the principal sum of $397.20, interest in the sum of $226.16, and attorney's fees in the sum of $150, making a total recovery of $773.36, with interest at the rate of 7% per annum from date of judgment, and foreclosing "an assessment lien existing as of December 17, 1929, as well as a valid, binding and subsisting mechanic's and materialman's lien existing as of May 6, 1930, upon Lot Five (5) in Block Ten (10) of the Kirby Addition to the City of Beaumont," and decreeing "that said property be sold as under execution and the proceeds applied to the satisfaction of the judgment herein obtained and all costs of sale and costs of suit." The principal and interest of the judgment was the balance due on a paving certificate dated the 10th day of June, 1930, in the principal sum of $663, authorized by an ordinance duly

passed by the City Commission of the City of Beaumont on the 15th day of April, 1930, directing and ordering paved the property described in the judgment. Subsequently, on the 6th day of May, 1930, appellants entered into a written contract creating a mechanic's and materialman's lien on the property described in the judgment, payable by the terms of the written contract as follows:

| "July 10, 1930 | $132.60 |
| June 10, 1931 | 132.60 |
| June 10, 1932 | 132.60 |
| June 10, 1933 | 132.60 |
| June 10, 1934 | 132.60" |

The paving certificate provided for "a reasonable attorney's fee" on default by appellants in their payments, while the written contract executed by them provided for an attorney's fee of 10% of the amount of the obligation incurred by appellants under the mechanic's and materialman's lien. No point is made that appellee did not comply fully with its obligations in paving appellants' property.

The history of this litigation is as follows: On the 4th day of August, 1936, appellee filed its suit No. 48416 in the district court of Jefferson County against appellants, praying for judgment upon a promissory note in the sum of $92.61, and for foreclosure of a contract lien on lot 5, block 10 of Kirby Addition, being the property described in the judgment, supra. Citation was duly issued and served on appellants, who filed their answer. Subsequently, on the 2d day of March, 1937, appellants paid in full the indebtedness described in appellee's original petition.

On the 10th day of September, 1936, after appellants had answered, but before they had paid off and discharged the indebtedness described in the original petition, appellee filed its first amended original petition in cause No. 48,416, repleading the indebtedness described in the original petition, and as a new cause of action pleading the assessment lien, the contract lien, and the balance due on these liens as given above, praying for judgment for the balance due, and for foreclosure of the liens; in this petition appellee prayed for judgment for attorney's fees at 10%. Citation did not issue on the first amended original petition until the 5th day of July, 1938; prior to the issuance of citation appellants made no appearance in

cause No. 48,416, subsequent to the date they filed their original answer on the 12th day of August, 1936, in answer to the original petition. Without the service of citation on the first amended original petition, and without any answer filed thereto by appellants, on the 13th day of May, 1938, appellee took a default judgment against appellants on the amount due on the paving certificate and the contract lien as above described, being $397.80 principal, with interest from the 18th day of May, 1931, at 7%, and for an attorney's fee in the sum of $100, with foreclosure of the assessment lien.

On the 25th day of June, 1938, appellants filed in the district court of Jefferson county their suit against appellee, No. 52,870, in the nature of a direct attack against the default judgment rendered against them on the 13th day of May, 1938, alleging that the default judgment was void and pleading the facts upon which that contention was based. On the 2d day of July, 1938, appellee filed its answer to cause No. 52,870, consisting of a general demurrer and general denial. On July 6, 1938, the court entered its judgment in cause No. 52,870, on an agreement of the parties, vacating, setting aside and annulling and making void and of no further force and effect the default judgment rendered in No. 48,416 on the 13th day of May, 1938. Upon the entry of that order, appellee paid the costs in cause No. 52,870 and under its direction the clerk of the district court of Jefferson County, on the 5th day of July, 1938, issued citation to appellants in cause No. 48,416, which was served on them on the 6th day of July, 1938. On July 30, 1938, appellants appeared in cause No. 48,416 and filed their answer therein, pleading in defense to appellee's cause of action, as plead in its first amended original petition, the statutes of limitations of two and four years. On the 28th day of September, 1938, appellee filed in cause No. 48,416 its second amended original petition, pleading generally the same facts and praying for the same relief as in its first amended original petition, and praying for attorney's fees of 10%. On the pleadings of both parties, cause No. 48,416 was set for trial in October, 1938, but was not reached for trial.

On the 2d day of December, 1938, appellee filed a motion in cause No. 52,870, described above, and its amended answer,

pleading by way of cross action against appellants the same cause of action plead in its second amended original petition. Appellee's original counsel had withdrawn from the cause, and this motion and cross action was filed by new counsel. For ground of relief in its motion and cross action, appellee plead that the agreed judgment in cause No. 52,870, as described above, was not a final judgment, and that the same was entered without its knowledge or consent, and prayed that the judgment by agreement be vacated and that cause No. 52,870 be tried on appellants' bill of review and on its motion and cross action. On the 2d day of December, 1938, appellee's motion was heard by the court and in all things overruled, which order became final.

On the 7th day of December, 1938, appellee filed a new suit in the district court of Jefferson county, being No. 53,948, in the nature of a bill of review, praying that the agreed judgment entered in cause No. 52,870 be reviewed. In January, 1939, appellee filed a petition in this court praying for leave to file a petition praying for a mandamus against appellants and one of the district judges of Jefferson county, compelling the judge to enter an order vacating the agreed judgment entered in cause No. 52,870, and to proceed to trial of that cause; this court refused permission to file the petition for mandamus. It was the theory of appellee that all three causes, Nos. 48,416, 52,870, and 53,948, were pending on the docket of the district court of Jefferson county at the same time and, on its motion, the clerk of the district court of Jefferson county set all three cases for trial on September 9, 1939.

On September 7, 1939, appellee filed its third amended original petition in cause No. 48,416, designated by it as its second amended original petition. Appellants filed motions to have causes No. 48,416 and No. 52,870 stricken from the active docket; they answered cause No. 53,948 by pleading demurrer, general denial, etc. The motion to strike cause No. 48,416 was overruled; the motion to strike cause No. 52,870 was granted; the general demurrer was sustained to appellee's petition in cause No. 53,948. Appellee reserved no exception to the order of the court striking cause No. 52,870, but has prosecuted to this court its appeal against the order of the court sustaining the general demurrer to its pe-

tition in cause No. 53,948, which appeal is now under submission on the docket of this court as Uvalde Rock Asphalt Company v. Anna Slattery et al., 140 S.W.2d 992.

Cause No. 48,416 proceeded to trial on its merits on the 11th day of September, 1939, as if no default judgment had been entered therein, and final judgment was entered therein, as set out in the opening statement above. From the final judgment so entered, appellants have duly prosecuted their appeal to this court.

■ The first point presented by appellants in their brief is that appellee's cause of action as plead in their first amended original petition, upon which final judgment was entered, was barred by the statutes of limitations of two and four years. This contention is denied. When the first amended original petition was filed, cause No. 48,416 was an active case on the docket of the district court of Jefferson county, and at the time it was filed the last installment due on the contract lien was not barred by limitation. The written instrument executed by appellee evidencing the contract lien, also by its terms constituted a promissory note whereby on a valuable consideration appellants promised to pay appellee the sum of $663, or whatever sum was due on the paving contract, in the five installments detailed above, with interest at 7%, and with an attorney's fee of 10%. Article 5520, Vernon's Ann.Civ.St., provides "that where a series of notes may be given or any note may be made payable in installments, or if any other instrument is executed which creates an obligation on the Vendee or Grantee of real estate to pay for the same in installments or partial payments, limitation shall not begin to run until the maturity date of said last note or installment." Under this article, as construed by Shepherd v. Woodson Lumber Co., Tex.Civ.App., 63 S.W.2d 581, and Hutton v. Harwell, Tex.Civ.App., 95 S.W.2d 467, the past due installments on the contract lien were not barred at the time the first amended original petition was filed.

But appellants insist that appellee rested under the duty to have citation issued on its first amended original petition within a reasonable time after it was filed, and since citation did not issue, that the mere filing of the first amended original petition did not toll the running of the statutes, and that citation was not issued until after more than four years after the maturing of the

last installment due under the contract lien; appellants further contend that since, on the undisputed facts, the first amended original petition was filed without an order of the district court granting permission for its filing, appellants were not required by law to take notice that it had been filed.

■ On the whole record, we say that appellee diligently prosecuted cause No. 48,416 against appellants. On the undisputed facts, it did not merely file its first original amended petition and then abandon the litigation, but was active, as between it and appellants, in prosecuting this litigation. Negotiations were conducted between appellee and appellants in an effort to adjust the cause of action as plead in the first amended original petition. Out of these negotiations, appellants paid in full the demand claimed against them in the original petition. On this construction of the facts, it is our conclusion that the filing of the first amended original petition was sufficient to toll the running of the statutes of limitations against appellee's cause of action as plead therein.

■ The general rule is· that a defendant who has once entered his appearance in a cause is charged with notice of all amendments thereafter filed, and that, though the plaintiff abandons his original demand and amends by setting up a new cause of action, no new process is required where the defendant is in court by answer filed by him. Ballard v. Carmichael, 83 Tex. 355, 18 S.W. 734; Davis v. Wichita State Bank & Trust Co., Tex.Civ.App., 286 S.W. 584; Farrell v. Gilbert, Tex.Civ.App., 245 S.W. 775; Mexia Independent School District v. City of Mexia, Tex.Sup., 133 S.W.2d 118; Phillips v. The Maccabees, Tex. Civ.App., 50 S.W.2d 478; Puntney v. Moseley, Tex.Civ.App., 237 S.W. 1116; ·Sullivan v. Doyle, 108 Tex. 368, 194 S.W. 136. Appellants invoke an exception to the general rule that, where the amendment is filed without leave of the court, the defendant is entitled to notice of the new cause of action, without which judgment by default should not be rendered against him. The exception invoked by appellants has recognition in the following authorities. Thomas Goggan & Bros. v. Morrison et ux., Tex. Civ.App., 163 S.W. 119; Turner et al. v. City of Houston, 21 Tex.Civ.App. 214, 51 S.W. 642; Tyson v. First State Bank & Trust Co., Tex.Civ.App., 154 S.W. 1055;

Phillips et ux. v. The Maccabees, supra. But the exception does not support appellants' contention that appellee's cause of action was barred by limitation. In 33 Tex. Jur. 496, it is said: "The object of requiring leave to amend is to give notice of the amendment to the adverse party, and where leave has not been obtained, and no notice given, the introduction of testimony based on the amended pleading may be disallowed."

While citation did not issue on the first amended original petition until July 5, 1938, appellants had written notice from appellee that it had been filed, that it was asserting against them by this amended petition a cause of action for the balance due on the contract lien, and that it was its intent to prosecute this new cause of action to judgment. It is clear, on the undisputed facts, that there is no inference against this conclusion, that appellee filed its first amended original petition with the bona fide intent to prosecute it to judgment, and that the delay in issuance of the citation was due to its construction of the law that it was not necessary to issue new citation.

■ We sustain appellants' contention that appellee's attorney's fees was limited to 10%; that it could not recover "a reasonable attorney's fee." True, the paving certificate provided for "a reasonable attorney's fee" but the execution by appellants to appellee of the contract lien created a novation as to the attorney's fee, and changed the amount from a reasonable sum to the liquidated sum of 10%.

■■ This appeal presents another important question, fundamental on the face of the record. When this cause of action was tried and judgment entered herein, was it a pending case on the docket of the district court, or had it been reduced to judgment by the default judgment entered against appellants on the 13th day of May, 1938? Appellee contends that the agreed judgment, vacating the default judgment, was nothing more than the granting of a new trial, and that, since this order was entered at a subsequent term to the entry of the default judgment, the court was without power to grant a new trial, citing Hermann Hospital Estate v. Nachant, Tex.Com.App., 55 S.W.2d 505. The agreed judgment was not entered on the theory that the default judgment was merely voidable, but on the theory that it was absolute-

ly void. The court so found by its judgment, and having decreed that the default judgment was void, reinstated cause No. 48,416 as a pending case; that decree is now final and not subject to collateral attack. Also, though we have found no authority in point, it is our conclusion that, on agreement of the parties, the court, at a subsequent term, may vacate a judgment and reinstate the cause on its docket as a pending action.

The judgment of the lower court is in all things affirmed except on the item of attorney's fee, and in that respect the item of $150 for attorney's fee is stricken from the judgment, and in lieu thereof appellee is allowed 10% of the amount of its claim as a contractual attorney's fee.

Reformed and affirmed.

On Appeal for Motion to Retax Cost.

An examination of the transcript shows that appellants had included therein certain immaterial matters. The Motion to Retax is granted to the extent that one-half the costs of appeal are taxed against appellants and one-half against appellee.