**LANDRAM v. ROBERTSON et al.**
**No. 11604.**

Court of Civil Appeals of Texas. San Antonio.

. May 1, 1946.

Rehearing Denied May 29, 1946.

R. C. Patterson, of Houston, for appellant.

172

Crain, Vendenberge & Stofer, of Victoria, for appellees.

MURRAY, Justice.

This suit was instituted by Conrad J. Landram in the nature of a trespass to try title against Alexander P. Robertson and Susan A. P. Robertson. Each defendant being sued individually and as independent executor and executrix of the estate of D. L. Robertson, deceased, seeking to recover the title and possession of certain land situated in Victoria County, Texas. The suit was for damages as well as to try title. The original suit was filed on August 11, 1942, but no citation was ever issued. The defendants were alleged to be residents of the State of New York. On August 17, 1945, Alexander P. Robertson, acting only as independent executor of the estate of D. L. Robertson, deceased, and Susan A. P. Robertson, acting individually and as independent executrix of the estate of D. L. Robertson, deceased, both defendants acting through their attorney, John J. Stofer, Esq., filed a disclaimer. On August 17, 1945, the defendant Alexander P. Robertson filed his answer to plaintiff's petition. On November 26, 1945, the cause went to trial in the District Court of Victoria County, and the jury was selected. After the selection of the jury the court heard the exceptions of the defendant Alexander P. Robertson and sustained the same. Whereupon the plaintiff filed his motion for voluntary non-suit on November 27, 1945, as to all defendants herein as to one specified cause of action alleged in plaintiff's petition. On November 27, 1945, plaintiff filed and presented his motion for judgment against the defendant Susan A. P. Robertson, which motion was by the court refused and overruled, and the defendant Susan A. P. Robertson was ordered dismissed from the suit.

The plaintiff declining to plead further, the court dismissed the cause of action as to the defendants, both in their individual and representative capacities, from which judgment Conrad J. Landram has presented this appeal.

Appellant's first contention is that the court erred in overruling his motion for judgment against the defendant Mrs. Susan A. P. Robertson. The disclaimer filed by Mrs. Robertson, on August 17, 1945, is as follows:

"Now comes Alexander P. Robertson, Jr., not individually but only as independent executor of the estate of A. P. (D. L.) Robertson, deceased, and also comes Susan A. P. Robertson, individually and as independent executrix of the estate of A. P. Robertson, deceased, and would show the Court that the estate of A. P. Robertson, deceased, has long since been closed and dropped from the docket of the Probate Court where said will was probated in the State of New York, and that the said Susan A. P. Robertson has conveyed all her right, title and interest in the property sued for herein to the said Alexander P. Robertson, Jr., and that therefore, the said Alexander P. Robertson, Jr., individually, is the only one of the defendants named in said suit who has any interest in the lands sued for, and that his interest is individual and not representative.

"Wherefore, said Susan A. P. Robertson, individually and as independent executrix of the estate of A. P. Robertson, deceased, and that the said Alexander P. Robertson, Jr., as independent executor of the estate of A. P. Robertson, deceased, enter this disclaimer and pray that no costs be adjudged against them."

At the time this disclaimer was filed appellant's only pleading was his original petition which, in addition to the formal allegations usually found in a trespass to try title petition, contained the following allegations:

"That on the day and year last aforesaid, the defendants and each of them, jointly and severally, unlawfully entered upon said premises and ejected plaintiff therefrom, and unlawfully withhold from him the possession thereof, to his damages in the sum of at least $5,000.00.

"Without limiting the generality of the foregoing allegation, but expressly saving the same, plaintiff further alleges that the defendants, acting in concert and acting separately, repudiated and denied the title and estate and equities of the plaintiff in the above described lands, without cause.

"That the reasonable annual rental value of said land and premises is at least $200.00.

"Plaintiff gives notice of his intention to amend for the purpose of stating further claims and demands, and of adding such additional parties as may be necessary or proper."

On November 3, 1945, and subsequently to the filing of the above disclaimer, appellant filed his First Amended Original Petition, setting up in addition to his trespass to try title suit a different cause of action. Mrs. Robertson filed nothing further in answer to this amended petition. Alexander P. Robertson filed an answer to the amended petition, containing certain exceptions which were sustained by the court, and upon appellant's refusal to plead further the cause was dismissed as to him. Thereafter, on November 27, 1945, appellant filed a motion for non-suit as to one phase of his cause of action and for judgment against Mrs. Robertson as to the cause of action set up in his amended petition. The attorney, John G. Stofer, who had filed the disclaimer for Mrs. Robertson, was present in court and was furnished a copy of this motion. The court, after considerable discussion of the matter with Mr. Stofer, overruled the motion for judgment and dismissed Mrs. Robertson from the suit.

The question to be decided is, had Mrs. Robertson, by filing the disclaimer, entered her appearance in the cause, and was she required to take notice of the filing of the amended petition setting up a new cause of action? We are of the opinion that when Mrs. Robertson filed her disclaimer she entered her appearance in the case and was thereafter required to take notice of amended pleadings filed by appellant, even though such pleading set up a new cause of action.

In her disclaimer Mrs. Robertson came into court and invoked the jurisdiction of the court for the purpose of recovering her costs. She did not even attempt to limit her appearance in any way. Having submitted herself to the jurisdiction of the court she was in court for all purposes. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69; St. Louis & S. F. R. Co. v. Hale, 109 Tex. 251, 206 S.W. 75;

Lindsey v. Ferguson, Tex.Civ.App., 80 S. W.2d 407; Long Island Machinery & Equipment Co. v. Baird, Tex.Civ.App., 117 S.W.2d 565.

Having entered her appearance she was required to take notice of all amended pleadings filed in this case with the leave of the court. Rule 62, T.R.C.P.; Slattery v. Uvalde Rock Asphalt Co., Tex.Civ.App., 140 S.W.2d 987; Davis v. Wichita Bank & Trust Co., Tex.Civ.App., 286 S.W. 584; Tyson v. First State Bank & Trust Co., Tex.Civ.App., 154 S.W. 1055; Mexia Ind. School Dist. v. City of Mexia, 134 Tex. 95, 133 S.W.2d 118, 134 A.L.R. 1277.

In Phillips v. The Maccabees, Tex. Civ.App., 50 S.W.2d 478, 479, Justice Alexander, now Chief Justice of the Supreme Court of Texas, said: "Were they charged with constructive notice of the new cause of action thereafter set up in the amendment? The general rule is stated to be that a defendant who has been cited but has not answered must be notified of every amendment which sets up a new cause of action or requires a more onerous judgment of him; but if he has pleaded to the action or otherwise entered an appearance therein, he is before the court for all purposes and is charged with notice of all amendments thereafter filed."

Furthermore, the lawyer who signed the disclaimer as attorney for Mrs. Robertson and who still represents her upon this appeal was present in court and accepted a copy of the motion for judgment. He also entered into a discussion with the trial court concerning the matter, without asking leave to appear as amicus curiæ, or in any manner stating that he was at the time acting otherwise than as attorney for Mrs. Robertson.

The trial court dismissed the suit as to Mrs. Robertson upon his own motion and not at the request of any one. In all probability the attorney for Mrs. Robertson would have filed a complete answer for her except for the erroneous action of the trial court in dismissing the cause as to her. Accordingly, we will not here render judgment against Mrs. Robertson, but reverse the judgment as to her and remand this phase of the cause to the trial court

for a new trial not inconsistent with our holdings herein.

Appellant next contends that the trial court erred in sustaining special exceptions contained in the first and second paragraphs of Alexander P. Robertson's amended answer and in dismissing his cause of action. We overrule this contention. Appellant filed his First Amended Original Petition on November 3, 1945, and thus his original petition became superseded. Appellant's amended petition set up two causes of action. The first cause of action sought to extend the primary term of a mineral lease covering 168 acres of land in Victoria County and fully described in the petition and the second cause of action sought to have a constructive trust declared and enforced against all of the lands owned by the estate of D. L. Robertson, or by appellees as heirs, devisees or legatees of D. L. Robertson, deceased, or by appellees individually and located in Victoria County, Texas.

The facts upon which appellant relied to establish a constructive trust are to be found in his amended petition and must be taken as true. D. L. Robertson, deceased, during his lifetime was the owner of lands located in Jackson, Victoria and Live Oak Counties. He entered into an agreement with appellant whereby appellant was to have charge of such lands for the purpose of developing them for gas, oil and other minerals. He was to be paid for his services at least $1 per acre, or reasonable attorney's fees. After the death of D. L. Robertson, appellant was employed upon the same terms by A. P. Robertson, son of D. L. Robertson, and Susan A. P. Robertson, surviving wife of D. L. Robertson, acting both individually and as executor and executrix, respectively, of the estate of D. L. Robertson, deceased. Alexander P. Robertson and Susan A. P. Robertson were also the sole legatees and devisees under the will of D. L. Robertson, deceased, whose will was probated and his estate administered in the Surrogate's Court of the State of New York. Appellee further agreed with appellant that they would not sell these lands unless forced to do so, but would retain them to enable appellant to carry out his contract to have them developed for minerals. In violation of this agreement appellees sold the Jackson County lands and did not pay appellant his fee of $1 per acre, as was the agreement, but used the proceeds of this sale to pay the creditors of the estate of D. L. Robertson, deceased, and thus secure for themselves the Victoria lands free from all encumbrance. Appellant was entitled to be paid his fees out of the proceeds of the sale of the Jackson County lands and therefore he asked the court to construct a trust against the Victoria County lands in his favor to secure his fee and that such constructive trust be enforced. We are of the opinion that such failure to pay appellant out of funds from which he should have been paid would not give him a right to a constructive trust upon lands the title to which had been cleared by the use of such funds. The mere failure to pay an unsecured debt cannot possibly be grounds for impressing upon real estate a constructive trust. Such suits are barred by the two-year statute of limitation. 42 Tex. Jur. § 135, p. 756.

However, if it be conceded that appellant alleged in his petition sufficient facts to entitle him to have a constructive trust declared and enforced against the Victoria County lands, such suit was barred by the four year statute of limitations. Art. 5529, Vernon's Ann.Civ.Stats.

The petition discloses that appellant knew of the sale of the Jackson County land on November 4, 1937, and did not file this suit until August 11, 1942, and the amended petition in which the suit to establish a constructive trust was first mentioned, was not filed until November 3, 1945. There are many authorities to the effect that a suit to establish a constructive trust is barred by the four-year statute of limitation. Art. 5529, supra. Ebberts v. McLean, Tex.Civ.App., 68 S.W.2d 1077, affirmed 128 Tex. 573, 98 S.W.2d 352; U. S. Fidelity & Guaranty Co. v. First Nat. Bank, Tex.Civ.App., 93 S.W.2d 562; Brand v. Falvey, Tex.Civ.App., 96 S.W. 2d 158; Collins v. Griffith, Tex.Civ.App., 125 S.W. 2d 419; Lang v. Shell Petroleum Corporation, Tex.Civ.App., 141 S.W. 2d 667, af-

firmed 138 Tex. 399, 159 S.W.2d 478; Culver v. Pickens, Tex.Civ.App., 169 S.W.2d 523; Newson v. Fikes, Tex.Civ.App., 153 S.W.2d 962; 139 A.L.R. 134, 1333; 42 Tex. Jur. § 133, p. 754; Lockhart v. Williams, Tex.Civ.App., 187 S.W.2d 234, error granted, Tex.Sup., 192 S.W.2d 146.

Ordinarily the burden of proof is upon a trustee setting up the statutes of limitation, to show that the beneficiary had notice of termination of the trust through repudiation by such trustee. But it is different with the trustee of a constructive trust, for such trusts have their origin in misapplication of property, acquisition of property by fraud, or in other wrongful ways; and in the absence of an averment by the beneficiary that he did not have knowledge of the facts, or, if he was aware of suspicious circumstances, that he was lulled into a sense of security by assurances or untrue statements by the defendant, the statutes of limitation run from the very commencement of the trust, just as in any other case of fraud. 42 Tex. Jur., § 133, p. 754.

Appellant calls our attention to the case of Hall v. Miller, Tex.Civ.App., 147 S.W. 2d 266, by this Court, which he contends holds that the four-year statute of limitation, Art. 5529, supra, does not apply to suits to establish a constructive trust. Art. 5529 contains the express provision: "Every action *other than for the recovery of real estate* * * * shall be brought within four years * * *."

The courts have clearly defined what is an action for the recovery of real estate within the meaning of this article. If the cause of action asserted is one which will support a trespass to try title suit, without first requiring the aid of the court to establish equitable rights, then such action is a suit for the recovery of real estate and the statute of limitation, Art. 5529, supra, does not apply. In the Hall-Miller case the Millers were originally the owners of the land, they had never parted with the possession or the superior equitable title to the land and were entitled to recover upon their superior title in a trespass to try title suit. This case in no way conflicts with our holding here. Appellant, Landram, was never the holder of either the legal or equitable title to the land sued for. He asserted at most an equitable right to the land and asked a court of equity to first establish such right by constructing a trust in his favor and then enforcing such constructive trust.

After the trial court had sustained special exceptions to that part of appellant's amended petition which sought to have the court construct a trust as to the Victoria County Lands in his favor, appellant then took a non-suit as to the other cause of action asserted by him, and thus there was nothing remaining which could be submitted to the jury. The trial court then properly dismissed the entire cause of action as to the appellee Alexander P. Robertson.

The judgment, in so far as it dismissed the cause of action as to Susan A. P. Robertson, is reversed and the cause remanded. The judgment as to appellee Alexander P. Robertson is in all things affirmed.