Wade v. Hurst 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-208-CV

     MARVIN WADE,
                                                                                              Appellant
     v.

     ALLENE HURST, ET AL.,
                                                                                              Appellees
 

From the 66th District Court
Hill County, Texas
Trial Court # 32,060
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Marvin Wade appeals from a post-answer default judgment. The case before this
court, trial cause number 32,060, is the severed portion of cause number 28,395. Contrary to
Appellant's claims, signed orders severing the two causes are contained in the record before us. 
Citation was never issued in the severed cause. Appellant suggests on appeal that he neither
entered an appearance nor received pleadings in the case in which the judgment was entered. 
Appellees Hurst and Frankie Wade argue that, because these assertions are so frivolous and
conclusively refuted in the record, Appellees should recover damages for delay according to Rule
84 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 84.
FACTUAL BACKGROUND
      Lillian Lorene Gant Boyd died intestate on April 29, 1984, leaving three heirs—Marvin
Wade, Allene Hurst, and Frankie Wade—her children. On November 29, these heirs entered into
a partition agreement dividing Mrs. Boyd's estate. On December 20, Marvin Wade removed
Appellees Frankie Wade and Allene Hurst from the use of their inherited property, which had been
the subject of the partition agreement, by filing for an administration of the estate with himself as
Administrator. Marvin Wade was subsequently removed as Administrator in a contested hearing,
and F.E. Russell was appointed on February 11, 1986.
      On October 7, 1991, a trial was held in cause number 28,395, styled the Estate of Lillian
Lorene Gant Boyd, on Allene Hurst's Third Amended Petition filed February 19, 1991, and on
Frankie Wade's Fourth Amended Petition which had been filed on September 22, 1989. Marvin
Wade made no special exceptions or objections in response to either petition. Appellee Hurst's
Third Amended Petition read in part: "All parties have filed pleadings in this action and are
before the Court for all purposes." Hurst sought an accounting from Marvin Wade and to recover
reasonable attorney's fees. The certificate of service reflects that the Third Amended Petition was
hand-delivered to Marvin Wade's counsel on February 19, 1991.
      Frankie Wade's Fourth Amended Petition sought specific enforcement of the partition
agreement and alleged that any monetary damages incurred by the parties could be made by
awards of damages secured by liens against the property received. Frankie Wade alleged breach
of contract and breach of fiduciary duty by Marvin Wade. The certificate of service reflects that
the Fourth Amended Petition was delivered to opposing counsel on September 22, 1989. "A
certificate by a party or an attorney of record . . . showing service of a notice shall be prima facie
evidence of the fact of service." Tex. R. Civ. P. 21a.
      Subsequent to the October 1991 trial, an interlocutory judgment was entered on December 13,
1991, enforcing the partition agreement. An order to sever, finalizing the interlocutory judgment,
was signed the same day. Though Marvin Wade argues on appeal that no order to sever was ever
signed, such an order is contained in the transcript in two different places. Thereafter, the
transcript shows that cause number 32,060 was assigned to the remaining claims. All remaining
pleadings, including those filed by Marvin Wade, reflect the new cause number. Following the
severance, Marvin Wade answered interrogatories and requests for production served upon him
in cause 32,060 without objection.
      Allene Hurst and Frankie Wade filed a motion for summary judgment, in which they were
seeking lost rentals from February 1, 1985, to December 13, 1991, as damages arising from their
suit for specific performance and for an accounting. The motion for summary judgment was based
upon the Third and Fourth Petitions from the prior cause, which were attached to the motion for
summary judgment and were necessarily carried forward from the original action as live pleadings. 
See Harris v. Moore, 740 S.W.2d 14, 15 (Tex. App.—El Paso 1987, no writ). Certified copies
of the December 13 interlocutory judgment, the order granting judgment, and motion to sever
were attached among other exhibits to their motion for summary judgment. Marvin Wade filed
a motion for continuance on December 21, 1992, seeking to postpone the hearing on the motion
for summary judgment. The motion was granted and the hearing reset. He then filed another
motion for continuance as well as a response to the motion for summary judgment. The motion
for summary judgment was denied on January 11, 1993. On March 3, Marvin Wade filed still
another pleading entitled "Original Answer." 
      On January 28, 1994, Appellee Hurst filed her Fourth Amended Petition and Appellee Wade
his Fifth Amended Petition. Both petitions adopted the motion for summary judgment by
reference and contain certificates of service to Marvin Wade. See Tex. R. Civ. P. 21a. Marvin
Wade then filed his cross-examination questions to the deposition on written questions of F.E.
Russell on February 28, 1994. He filed a second group of cross-questions on March 3. On March
7, Marvin Wade filed his motion for a change of the judge, which was granted by the
administrative judge of the district.
POINT OF ERROR AND DISPOSITION
      The record reveals that Appellant Marvin Wade made numerous appearances before the court
and by the attorneys representing him in the original cause, as well as in the severed cause before
us now. Nevertheless, his point on appeal is that the trial court's granting of the post-answer
default judgment against him in the absence of service of process in the severed cause was
fundamental error. He must argue that the error is fundamental because he failed to call the
omission to the court's attention in a motion for a new trial and waived any complaint he might
have had by his many appearances and pleadings. See Tex. R. Civ. P. 324; Tex. R. App. P. 52. 
      Wade claims that the court fundamentally erred in granting a default judgment against him in
the severed cause without service of citation. Although Wade filed a motion for new trial, he
failed to point out to the trial court with the requisite specificity his complaint concerning the
alleged lack of service of process. See Tex. R. Civ. P.324b; Tex. R. App. P. 52a. The record
reflects that Marvin Wade was before the court for all purposes in the original case—cause number
28,395. The judgment in that cause recites:
 
On the 7th day of October, 1991, came on to be heard the above-entitled and numbered
[cause]. Frankie Wade, Allene Hurst, and Marvin Wade, the only heirs of Lillian Lorene
Gant Boyd, Deceased, appeared in person and by their respective attorneys of record,
and announced ready for trial.

(Emphasis supplied). See Landram v. Robertson, 195 S.W.2d 170, 173 (Tex. Civ. App.—San
Antonio, 1946, writ ref'd n.r.e.). 
      As is true as to Hurst and Frankie Wade, Marvin Wade remained before the court, subject
to the court's jurisdiction, when the severed case was filed as cause number 32,060. Wade does
not argue to the contrary, and the judgment in cause number 28,375 recites that he appeared and
announced ready for trial, which recitation is presumed true. See Tex. R. Civ. P. 120; Escobar
v. State, 587 S.W.2d 714 (Tex. Crim. App. 1979).
      Wade also acknowledges that after one has filed pleadings or otherwise entered an appearance,
one is before the court for all purposes and is charged with notice of all amendments filed.
The general rule is stated to be that a defendant who has been cited but has not answered
must be notified of every amendment which sets up a new cause of action or requires a
more onerous judgment against him; but if he has pleaded to the action or otherwise
entered an appearance therein, he is before the court for all purposes and is charged with
notice of all amendments thereafter filed. 

(Emphasis added). Landram, 195 S.W.2d at 173. 
      Cause number 32,060 arose on December 13, 1991, out of cause number 28,395. The two
significant matters the severed case inherited from the prior cause were Hurst's Third Amended
Petition and Frank Wade's Fourth Amended Original Petition. Both petitions requested lost
rentals pursuant to specific performance of the partition agreement, an accounting, and attorney's
fees. Both petitions contain certificates of service to Marvin Wade. See Tex. R. Civ. P. 21a. The
presumption may be rebutted by an offer of proof of nonreceipt. Otherwise, the presumption
carries the force of a rule of law. Cliff v. Huggins, 724 S.W.2d 778, 780 (Tex. 1987). As a
matter of law, Marvin Wade, having entered an appearance, is presumed to have been served with
the petitions upon which the judgment is based. "A general appearance by which a party will
subject himself to the personal jurisdiction of the trial court occurs when the party invokes the
judgment of the court in any way on any question other than that of the court's jurisdiction . . .
." See Smith v. Amarillo Hospital District, 672 S.W.2d 615, 617 (Tex. App.— Amarillo 1984,
no writ). Thus, Wade's failure to appear justified the post-answer default entered against him. 
The judgment is affirmed.
      Regarding Appellees' request for damages for delay under Rule 84, we have determined that
Marvin Wade has not taken this appeal for delay and without sufficient cause. See Tex. R. App.
P. 84. Thus, we do not award delay damages.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed 
Opinion delivered and filed December 14, 1994
Do not publish